## CENTRAL BAPTIST CHURCH AND SOCIETY *vs.* GIDEON MANCHESTER.

For one not a party of record to a suit to be concluded by the judgment rendered in it, it is essential that he should have openly intervened in it, and, to the knowledge of the opposite party, have assumed its direction and control, in order to prosecute or defend some interest in the subject-matter of the suit, or to avoid some liability to indemnify the defendant against an adverse judgment.

A person not a party to the record, whose counsel is present and participates in the trial of a suit against his servant or agent, is not thereby estopped by the judgment rendered in the suit.

TRESPASS AND EJECTMENT.   On demurrer to plea.

*Newport, September* 28, 1891.   MATTESON, C. J.   This is an action of trespass and ejectment to recover possession of a parcel of land, situated in Tiverton, known as " The Fort Point Lot."

The defendant pleads the general issue, and also an additional plea, in which he sets forth that in a suit of trespass *quare clausum* brought by him in this court against one James B. Church, the defendant therein, said Church pleaded in bar to the suit that the soil and freehold in the *locus*, which was the same described in the declaration in the present suit, was in the Central Baptist Church, the present plaintiff, and justified the doing of the alleged trespasses as the servant, agent, and employee of the said Central Baptist Church; that to this plea he replied, traversing the allegation of title to the close in the said Central Baptist Church, and that upon issue joined, and a trial before a jury, a verdict was returned that the property named in the declaration was not the soil and freehold of the Central Baptist Church, and that at the March Term, 1891, of this court, judgment in said action was rendered in favor of the defendant; which judgment is in full force and effect, and is unreversed, unappealed from, and in every respect finally binding upon all the parties who actively participated as nominal or actual parties interested in said action.   The additional plea further avers " that, in said action, it, the said Central Baptist Church, the plaintiff herein, was present and participating at the trial, both in the person of the defendant, James B. Church, and by counsel, and is bound by the judgment therein; and that said judgment is an adjudication in favor of the present defendant as

between him and said Central Baptist Church as to the title to the said close."

To this additional plea the plaintiff has demurred.

The question raised by the demurrer is the validity of the plea of estoppel by the judgment. The material allegation in the plea in this respect is, " that the plaintiff herein was present and participating at the trial of the former suit, both in the person of the defendant, James B. Church, and by counsel." The allegations that the plaintiff is bound by the judgment, and that the judgment is an adjudication in favor of the defendant as between him and the plaintiff as to the title to the close, are not averments of fact, but the conclusions of the pleader as to the law. Precisely what is the meaning of the allegation that the plaintiff herein was present and participating at the trial of the former suit in the person of the defendant is not clear. We understand it to be, that the plaintiff is to be deemed to have been so present, because the defendant, James B. Church, was its servant, agent, and employee; he having justified the acts complained of as trespasses, as such servant, agent, and employee. If this construction be correct, the question comes down to this : Is a person, not a party to the record, whose counsel is present and participates in the trial of a suit against his servant, agent, or employee, bound by the judgment rendered in the suit?

Wells, in his treatise on Res Adjudicata, § 16, in discussing the question who are parties between whom a prior judgment is a bar to further litigation, says that these may or may not be the ostensible parties whose names stand on the record in the primary case, and quotes Greenleaf's definition, that parties are all persons having a right to control the proceedings, to make defence, to adduce and cross-examine witnesses, and to appeal from the decision, if any appeal lies. He further states that it has been held that these characteristics may sufficiently exist without making a party an actual party to the record.

In *Wood* v. *Ensel*, 63 Mo. 193, the record produced in evidence in behalf of the plaintiff, by which he sought to preclude the defendant, did not show the plaintiff's name as a party in the former suit. The plaintiff testified that he was, nevertheless, an active participator in the former trial respecting the same subject-matter,

claiming the property in dispute as his own, appearing as a witness in the case, and, in the absence of the record plaintiff, who claimed the property only as bailee of the plaintiff, assuming control and direction of the case, and employing and paying the attorneys for its prosecution. The court held that such facts brought the plaintiff clearly within the definition of a party to the former action, notwithstanding the non-appearance of his name on the record.

In *Cecil* v. *Cecil*, 19 Md. 72, 80, the court, commenting on Greenleaf's definition of parties, declares that the definition is an aggregate, and that all the enumerated qualities must meet in order to constitute a party. The court says: "All these privileges, not any one of them, are essential to the assertion and protection of private rights, and the investigation of the truth. Only, therefore, those who have enjoyed them collectively should be concluded by a decision, judgment, or decree."

In Black on Judgments, § 540, the conditions requisite to conclude a person, not a defendant of record, by the result of the litigation are stated to be, *first*, that the person intervening should come in for the assertion or protection of some claim or interest of his own, either in the subject-matter of the litigation or consisting in a responsibility over to the defendant which will attach if judgment goes against him, and resting either on some covenant or an implied obligation to indemnify him; *second*, that he must have defended the action avowedly, and with notice to the opposite party, and not upon a secret understanding; and, *third*, that his interposition must have been so complete that he was practically substituted for the defendant in the management and control of the case. And it is said that it is not enough to conclude him that he employed the attorney who appeared for the defendant of record; or testified as a witness; or was present and aided in the conduct of the trial; or cross-examined the witnesses; or lent assistance in money or service to the defendant; or joined in taking an appeal. *Shroeder* v. *Lahrman*, 26 Minn. 87; 1 North Western Reporter, 801; *Cannon River Manufacturers' Association* v. *Rogers*, 42 Minn. 123; 43 North Western Reporter, 792; *Brady* v. *Brady*, 71 Ga. 71; *Majors* v. *Cowell*, 51 Cal. 478; *Lownsdale* v. *Portland*, 1 Oregon, 381.

It is evident from these authorities that it is not sufficient to conclude a party by a judgment in a former suit against his servant, agent, or employee, to which he was not a party of record, that he employed an attorney who was present for him and participated in the trial, since to bind one, not a party of record, by a former judgment, it is essential that he should have openly intervened in the former suit, assuming its direction and control, to the knowledge of the opposite party, for the prosecution or defence of some interest in the subject of the suit, or to avert a liability he may be under to indemnify the defendant against an adverse judgment. The plea is insufficient, in that it does not contain allegations to that effect. The demurrer must, therefore, be sustained, and the plea be overruled.

Having reached this conclusion, it is unnecessary to consider the effect of the resolution of the General Assembly, set forth in the replication to the plea, filed subject to the demurrer to the plea.

*William P. Sheffield & Francis B. Peckham,* for plaintiff.
*Charles Acton Ives & Frank F. Nolan,* for defendant.