(84 N. W. Rep. 587.)

---

ALPHEUS BOYD vs. HENRY W. WALLACE, et al.

Opinion filed December 15, 1900.

**Judgment—Res Judicata.**

> One who is not a party defendant on the record in an action, but who participates in the defense, and has an interest in the matter in controversy in the action; and participates in the defense for the

protection of such interest, and not as representing the interest of
the defendant of record, and where it is known to the plaintiff that
such party so participates for the protection of his own interest, is
bound by the decree rendered in the action.

Appeal from District Court, Pembina County; *Sauter,* J.

Action by Alpheus Boyd against Henry W. Wallace and E. A.
Taylor. Judgment for defendants, and plaintiff appeals.
Affirmed.

*W. J. Mayer* and *Cochrane & Corliss,* for appellant.

*Bosard & Bosard,* for respondents.

BARTHOLOMEW, C. J. This is an action to determine adverse
claims to real property. Plaintiff stands upon a naked legal right.
He cannot adduce one equitable consideration to support a decree
in his favor. In 1889 he received patents from the general govern-
ment for two quarter sections of land in Pembina county. Some
time thereafter he mortgaged each quarter section for the sum of
$1,000. He failed to pay any interest upon these mortgages, and
in due time they were foreclosed and the land sold under the fore-
closure, and in the fall of 1896 the time for redemption from such
sales was about to expire. Plaintiff was unable to procure a loan
upon the land of a sufficient amount to enable him to redeem.
In this condition he applied to the defendant Wallace, whose fin-
ancial standing was evidently better, and requested him to take a
deed of the land, and negotiate a loan thereon for an amount suffici-
ent to redeem the land. Plaintiff at that time represented that it
would take about $2,300 to redeem from the foreclosure sales. As
an inducement to Wallace, plaintiff also agreed that Wallace might
hold the land as security for a debt owing by plaintiff to Wallace,
and another debt owing by plaintiff to a brother of Wallace. The
proposition was accepted, and on November 23, 1895, plaintiff,
Alpheus Boyd, and his wife, Lucy A. Boyd, executed and delivered
to the defendant Wallace a warranty deed for said land, but no
claim is made that said deed was not taken as security as aforesaid.
Investigation disclosed that a much larger amount than plaintiff had
represented was required to clear the title to the land so that another
incumbrance could be placed thereon It appears that the taxes had
not been paid on the land, and there was a large amount due for
taxes, and there were also judgments against plaintiff. Wallace
negotiated a loan upon the land for $2,650, but a further amount
was required to clear the title, which said amount was advanced by
Wallace from his own funds, and the sum so advanced, together
with the debts owing to Wallace and his brother, amounted to the
sum of $977.55. In May, 1896, the parties again came together to
adjust their matters. There is some conflict as to what occurred
at this time, but we state the facts as we find them from the evidence.
Plaintiff made objections to the amount claimed by Wallace, in-
sisting that it was too large, and objected to giving any notes for

such sum; but Wallace stated, in effect, that if any mistake had been made it would be corrected. Thereupon the sum was divided into two notes, maturing at different times. These notes were signed by Lucy A. Boyd, the plaintiff's wife, and at plaintiff's request Wallace executed to Lucy A. Boyd a contract for a deed for said land upon payment of said notes; the deed to be subject to the incumbrance which Wallace had put upon the land for plaintiff's benefit. This was in effect a substantial compliance with the original understanding. There is no clear reason disclosed why the contract was given to Mrs. Boyd, unless it was because other persons were pressing plaintiff. There is nothing in the suggestion that plaintiff refused the contract because Wallace sought thereby to ignore the security feature of the original transaction. The contract was in express recognition of that feature. Plaintiff testifies that he insisted that, when the deed should be given, it must be given to him. If that be true, then the wife became the trustee for her husband. This is not unreasonable. There is no pretense that the wife had any property interest in the land, or that she had any independent property. The land belonged to the husband. He was the real party in interest. If, however, for his own convenience he requested to have the contract made in the name of his wife in fulfillment of the obligation of Wallace to him, he cannot repudiate or ignore the contract thus made. After said contract was given, Wallace transferred the notes secured thereby to his co-defendant, Taylor, and also conveyed the land to Taylor, subject to the contract with Lucy A. Boyd. The said notes not being paid at maturity, Wallace and Taylor, as plaintiffs, brought an action against Lucy A. Boyd to foreclose the contract, and such proceedings were had therein that a decree was entered directing the land to be sold to satisfy the amount due upon said notes. The land was regularly sold pursuant to said decree, and bought by the defendant Taylor, who in due time received a sheriff's deed therefor. On the trial of the case at bar, plaintiff relied upon his patent title. Defendant Taylor relied upon said sheriff's deed. It is clear that if plaintiff is not bound by the decree in the case of Wallace and Taylor against Lucy A. Boyd, then he is the owner of the land, subject to the mortgage (warranty deed in form) given to Wallace. But the trial court held that he was bound by such decree, and such holding receives our unqualified approval. It must be remembered that this plaintiff was the real party in interest as defendant in that case, and that, while Lucy A. Boyd was the party named in the contract, she was the nominal party only, holding simply as a naked trustee for her husband, and that the beneficial property rights sought to be foreclosed were the rights of Alpheus Boyd, and that the plaintiffs in that action must have so known. No doubt, Alpheus Boyd would have been a proper party defendant in that action, but he may be bound nevertheless. The evidence shows that such case was pending for some time, and the defendant at different times was

represented by four different attorneys, each and all of whom were· employed by this plaintiff. Lucy A. Boyd consulted with none of the attorneys, and gave no directions for the conduct of the case. The answer in that case was drawn under the directions of this plaintiff. It sets forth the same matters that would have been pleaded had Alpheus Boyd been a defendant on the record. It states that the contract running to Lucy A. Boyd was for the benefit of Alpheus Boyd, and that it was made in pursuance of the agreement entered into on November 23, 1895, when the so-called warranty deed was given to Wallace, and was a part of that agreement. It asserts that, when said contract was made, Alpheus Boyd was not indebted to Wallace in the sum specified in the notes secured by the contract, or in any sum. This plaintiff procured continuances in that case upon his own application. He resisted the appointment of a receiver upon his own affidavit. He testified as a witness for the defense. In short, he conducted the case in all respects as he would have done had he been named as defendant, and the answer showed that he was the only party who had any beneficial rights therein to be defended. These conditions existed: (1) He participated in the defense of that action; (2) he was interested in the very matter in controversy in that action; (3) he participated in such defense for the protection of his own interests, and not as representing any interests of Lucy A. Boyd; (4) it was fully known to the other party to the action that he defended for the protection of his own rights, because the answer so disclosed. That he is bound by the decree, under such circumstances, has been too often decided to require further discussion. See *Stoddard* v. *Thompson,* 31 Ia.: 80; *Valentine* v. *Mahoney,* 37 Cal. 389; *Harvie* v. *Turner,* 46 Mo. 444; *Stanford* v. *Lyon* (N. J. Err. & App.) 7 Atl. Rep. 869; *Society* v. *Manchester* (R. I.) 23 Atl. Rep. 30; *Cramer* v. *Manufacturing Co.,* 35 C. C. A. 408, 93 Fed. Rep. 636; *Brady* v. *Brady,* 71 Ga. 71; *Association* v. *Rogers,* 42 Minn. 123, 43 N. W. Rep. 792; *Williams* v. *Cooper* (Cal.) 57 Pac. Rep. 577. The decree of the trial court is in all things affirmed. All concur.