GREAT PLAINS SUPPLY COMPANY, a
DIVISION OF HARVEST STATES CO-
OPERATIVES, Plaintiff and Appellee,

v.

Clifford ERICKSON and Carol R.
Erickson, his wife, Defendants
and Appellants,

and

The United States of America, by and
through the Internal Revenue
Service, Defendant.

GREAT PLAINS SUPPLY COMPANY, a
DIVISION OF HARVEST STATES CO-
OPERATIVES, Plaintiff and Appellee,

v.

Douglas BJORNSON and Roberta
Bjornson, his wife, Defendants
and Appellants.

Civ. Nos. 11220, 11147.

Supreme Court of North Dakota.

Dec. 18, 1986.

Pringle and Herigstad, Minot, for plaintiff and appellee; argued by James E. Nostdahl.

E. Jean Bartlett, Georgetown, Minn., for defendants and appellants.

GIERKE, Justice.

This is a consolidated appeal by Clifford and Carol Erickson from a district court judgment in favor of Great Plains Supply Company and by Douglas and Roberta Bjornson from a summary judgment in favor of Great Plains. We affirm the Erickson judgment and reverse the Bjornson judgment.

In 1972 Clifford and Douglas formed Tri-Quality Construction, a partnership engaged in residential and commercial construction. Carol and Roberta were not partners in Tri-Quality. Both Clifford and Douglas had been employees of Great Plains, and, after they formed the partnership, Great Plains supplied construction materials to Tri-Quality on an unsecured open account.

In 1979 and 1980 Tri-Quality experienced financial difficulties and became delinquent on its open account with Great Plains. On February 26, 1982, Clifford and Carol executed a promissory note to Great Plains for $20,000 secured by a second mortgage on their homestead and, on April 26, 1982, Douglas and Roberta executed a separate promissory note to Great Plains for $20,000 secured by a second mortgage on their homestead. On July 7, 1982, Clifford and Douglas executed a promissory note to Great Plains for $29,500 secured by a mortgage on three garages built by Tri-Quality and two lots. All three notes were due one year after they were executed.

The notes were not paid when they came due, and the parties entered into negotiations regarding their payment plus charges made on the open account subsequent to the execution of the notes. The parties

executed a renewal note evidencing a principal balance of $95,084.56 as of July 1, 1983, and requiring monthly payments of $1,000 beginning on July 1, 1983, with a balloon payment due on July 1, 1984. Two monthly payments were made on the note, and, when the remaining payments were not made and the parties were unable to reach an agreement on the payment of the notes, Great Plains commenced separate proceedings against the Ericksons and the Bjornsons. The Ericksons and the Bjornsons separately answered, generally denying the allegations in the complaint, and alleged in counterclaims that the execution of the promissory notes and the mortgages was induced by Great Plains' false representations of the amount due on their account.

The Erickson case proceeded to trial, and, after each side had presented their evidence, Great Plains moved for leave to take the deposition of one of its former employees, Melvin Jerstad. The trial court granted Great Plains' motion and Jerstad's deposition was taken and submitted to the court. Thereafter, the trial court ordered judgment in the amount of $28,972.60 plus interest against the Ericksons and declared that Great Plains' mortgage was valid. The trial court found that Great Plains did not induce the execution of the note and mortgage by misrepresenting the amount owed by the Ericksons or misrepresenting or misleading the Ericksons regarding their legal rights. Thereafter, in the Bjornson case, the district court granted Great Plains' motion for summary judgment.

### Erickson Appeal

The Ericksons contend that the trial court erred in allowing Great Plains to take Jerstad's post-trial deposition. Great Plains was notified that the Ericksons had subpoenaed Jerstad for trial. However, Great Plains apparently was not notified when the Ericksons subsequently released Jerstad from that subpoena. The Ericksons assert that, rather than relying on their subpoena, Great Plains should have subpoenaed Jerstad for trial.

Generally, if a witness does not show up for trial, a party asserting the deprivation of the right to examine that witness may not rely on the fact that the opposing party subpoenaed the witness. See *Employers Mutual Liability Insurance Co. of Wisconsin v. Industrial Comm'n*, 15 Ariz.App. 590, 490 P.2d 35 (1971); *Hosner v. Brown*, 40 Mich.App. 515, 199 N.W.2d 295 (1972). However, the issue in this case is not whether Great Plains could rely on the subpoena issued by the Ericksons, but whether the trial court erred in permitting Great Plains to take Jerstad's deposition.

A trial court is afforded great latitude and discretion in conducting a trial and, absent an abuse of discretion, its decision on matters relating to the conduct of a trial will not be set aside on appeal. *E.g., Ward v. Shipp*, 340 N.W.2d 14 (N.D.1983). Thus, a trial court has broad discretion to allow additional time for the arrival of a witness [*Ward v. Shipp, supra* ]; to permit the reopening of a case for clarification of the record [*Leno v. Ehli*, 339 N.W.2d 92 (N.D.1983) ]; and to sua sponte order a supplemental hearing for the taking of further evidence. *Tom Beuchler Const. v. City of Williston*, 392 N.W.2d 403 (N.D. 1986). A trial court's discretion must be exercised in a manner which comports with substantial justice because a trial is a search for the truth. *Ward v. Shipp, supra.* A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. *Wall v. Pennsylvania Life Insurance Co.*, 274 N.W.2d 208 (N.D.1979).

After carefully reviewing the record in light of the circumstances involved in this case, we conclude that the trial court did not act unreasonably, arbitrarily, or unconscionably in permitting Great Plains to take Jerstad's deposition and therefore did not abuse its discretion.

The Ericksons contend that the trial court erred in refusing to admit into evidence an exhibit tending to establish a mistake of fact regarding the amount due on

the open account when the notes and mortgages were executed in 1982 and 1983. The Ericksons assert that the exhibit tends to establish that, on several occasions, Great Plains had claimed that different amounts were due on the account. The exhibit consisted of letters dated July 7, 1984, and October 18, 1984, in which Great Plains' representatives sought to settle the account for less than the amount due. The trial court ruled that these letters constituted an offer of compromise and, as such, were inadmissible under Rule 408, N.D.R. Evid. No offer of proof was made relating those 1984 letters to an alleged mistake of fact regarding the amount due on the open account when the notes and mortgages were executed in 1982 and 1983. In the absence of a showing of that nexus by an offer of proof we are unable to conclude that the trial court erred in refusing to allow the exhibit into evidence.

The Ericksons contend that the trial court erred in treating their counterclaim as an affirmative defense thereby denying their right to a jury trial. In their counterclaim the Ericksons alleged that Great Plains fraudulently misrepresented the amount due on their account and that this misrepresentation induced them to execute the note and mortgage. Before trial, the district court determined that the Ericksons' counterclaim was actually an affirmative defense and denied their demand and motion for a jury trial.

In *Ask, Inc. v. Wegerle*, 286 N.W.2d 290, 295 (N.D.1979), we said that a party raising a legal defense in an equitable action is not entitled to have a jury trial on those issues, but that a party raising legal issues in a counterclaim is entitled to a jury trial on those issues. Thus we must consider whether the issues raised by the Ericksons are a defense or a counterclaim.

In *Zeman v. Mikolasek*, 75 N.D. 41, 25 N.W.2d 272 (1946), we said that in order to constitute a counterclaim the allegations must establish an independent cause of action, and facts that merely serve to defeat a plaintiff's cause of action are not a counterclaim but a defense. In the instant case

we believe the facts alleged in the counterclaim do not present an independent cause of action but negate the existence of a valid note and mortgage, thereby controverting the allegations in Great Plains' complaint. Pursuant to Rule 8(c), N.D.R.Civ.P., "[w]hen a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation." We conclude that the court did not err in treating the counterclaim as a defense and denying the Ericksons a jury trial on those issues.

The Ericksons also contend that the trial court's findings of fact that Great Plains did not mislead or make misrepresentations to them are contrary to the evidence. The Ericksons assert that Great Plains' misrepresentation prevented their free and mutual consent to the note and mortgage. In essence, they assert that they presented unrebutted evidence to the trial court that Great Plains' employees falsely represented to them that unless their account was paid, or notes and mortgages on their homes were executed, Great Plains would commence a collection action resulting in the sale of their home. The Ericksons contend that, but for the misrepresentations by Great Plains, they would not have consented to the note and mortgage.

The trial court made the following findings of fact:

"The Plaintiff did not misrepresent the amount due from the Defendants on open account at the time the Mortgage was executed.

"The Plaintiff did not misrepresent or mislead the Defendants concerning their legal rights regarding the Mortgage prior to its execution."

These findings of fact are subject to the "clearly erroneous" standard of Rule 52(a), N.D.R.Civ.P. A finding of fact is clearly erroneous when, although there is some evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake

has been made. *In re Estate of Elmer,* 210 N.W.2d 815 (N.D.1973).

After a careful review of the record, we are not left with a definite and firm conviction that a mistake has been made, and we conclude that the trial court's findings of fact are not clearly erroneous. Accordingly, we affirm the district court judgment against the Ericksons.

### Bjornson Appeal

The Bjornsons contend that the district court erred in granting summary judgment against them because genuine issues of material fact exist. Viewing the evidence in the light most favorable to the Bjornsons [*First Nat'l Bank of Hettinger v. Clark,* 332 N.W.2d 264 (N.D.1983)], we believe that Douglas' affidavit sets forth specific facts establishing that there was a genuine issue of material fact regarding whether or not Great Plains, through its agents, made misrepresentations to the Bjornsons to induce them into executing the note and mortgage on their homestead.

Nevertheless, Great Plains asserts that those factual issues were decided in the Erickson case and that the doctrines of collateral estoppel and res judicata preclude the Bjornsons from raising those issues. Great Plains contends that both the Ericksons and the Bjornsons executed notes and mortgages on their respective residences to give security to Great Plains on the overdue accounts with Tri-Quality; that the notes and mortgages were executed in the same amount and near the same time; that both couples retained the same attorney to defend them and interposed identical answers, affirmative defenses, and counterclaims; and that Douglas participated in the Erickson action as a witness for the Ericksons and corroborated Clifford's testimony regarding Great Plains' alleged misrepresentation. Thus, Great Plains contends that the issues are so similar that there was no reason for the court to deny judgment against Bjornson based on the findings in the Erickson case. We disagree.

In *Armstrong v. Miller,* 200 N.W.2d 282, 285 (N.D.1972) we quoted with approval the following discussion of res judicata:

" 'Upon established principles, a judgment binds and is admissible against parties to the suit in which it is rendered; and privies are, of course, bound, as they are the representatives of the real parties; but beyond these a judgment in personam is evidence only of the fact of its own rendition; it may not be introduced to establish the facts upon which it has been rendered. It is an axiom of the law that no man shall be affected by proceedings to which he is a stranger—to which, if he is a party, he must be bound. He must have been directly interested in the subject-matter of the proceedings, with the right to make defense, to adduce testimony, to cross-examine the witnesses on the opposite side, to control in some degree the proceedings, and to appeal from the judgment. Persons not having these rights are regarded as strangers to the cause.'

\* \* \* \* \* \*

" 'In order to make a man a privy to an action he must have acquired an interest in the subject matter of the action either by inheritance, succession, or purchase from a party subsequently to the action, or he must hold property subordinately.' "

In *Boyd v. Wallace,* 10 N.D. 78, 84 N.W. 760 (1900) at syllabus ¶ 1, we said:

"One who is not a party defendant on the record in an action, but who participates in the defense, and has an interest in the matter in controversy in the action, and participates in the defense for the protection of such interest, and not as representing the interest of the defendant of record, and where it is known to the plaintiff that such party so participates for the protection of his own interest, is bound by the decree rendered in the action."

The factual situations involved in the Erickson case and the Bjornson case are similar; however, neither the parties nor the facts are identical. The two actions

are based on different notes and mortgages executed at different times and involve different homestead property. The named defendants in each action are different. Although Douglas testified in the Erickson case, his testimony reaffirmed Clifford's testimony about the Erickson note, mortgage, and residence. Douglas did not testify concerning the execution of the Bjornson note. The Bjornsons were not a privy to the Erickson action, and Douglas' testimony does not evidence a participation by him in the Erickson defense for the protection of the interests involved in the Bjornson note. *Compare Boyd v. Wallace, supra.* Furthermore, although the trial court specifically found that Great Plains did not mislead the Ericksons or make misrepresentations to them regarding their legal rights, the trial court made no finding in the Erickson action that Great Plains did not mislead the Bjornsons or make misrepresentations to them.

We conclude that the decision in the Erickson case was not res judicata as to the Bjornson case, and, because there are unresolved factual issues in the Bjornson case, we reverse the summary judgment.

For reasons stated herein, the judgment against the Ericksons is affirmed, and the summary judgment against the Bjornsons is reversed and remanded for trial.

VANDE WALLE and LEVINE, JJ., and PEDERSON and ILVEDSON, Surrogate Justices, concur.

PEDERSON and ILVEDSON, Surrogate Justices, sitting in place of ERICKSTAD, C.J., and MESCHKE, J., disqualified.