**Margaret ERTELT, Plaintiff and Appellant,**

v.

**EMCASCO INSURANCE COMPANY, Defendant and Appellee.**

**Civ. No. 910409.**

Supreme Court of North Dakota.

June 25, 1992.

Brian W. Nelson, Fargo, for plaintiff and appellant. No appearance.

Nodland and Dickson, Bismarck, for plaintiff and appellant; argued by Thomas A. Dickson.

Nilles, Hansen & Davies, Ltd., Fargo, for defendant and appellee; argued by William P. Harrie.

MESCHKE, Justice.

Margaret Ertelt appeals a summary judgment for EMCASCO Insurance Company denying her no-fault auto insurance claim for death of her husband. We affirm.

In August 1990, John Ertelt drove his wife's (Margaret) car into his grain field, located across I–94 from his son's (Jack) residence. Somehow, the car caught on fire. John ran about three-eighths of a mile to Jack's to summon help. Upon ar-

rival, John was out of breath, tired, and visibly shaken.

Jack, John, and Jack's two children ran back to the car with buckets of water to try to put out the fire. Jack reported that smoke was coming out of the closed car hood, and that the driver's door had been left open. As Jack tried unsuccessfully to open the hood, one of the children cried out. Jack turned to see John on the ground near the car, collapsed and clutching his chest. Jack, a passerby, and an emergency medical technician attempted resuscitation, but John had suffered a fatal heart attack.

Asserting that John died "as a result of the car fire," Margaret claimed survivor benefits from EMCASCO, her no-fault automobile insurer. EMCASCO rejected the claim on grounds that John had not suffered an "accidental bodily injury" while "occupying" his car, as required for no-fault benefits.

Margaret sued EMCASCO. EMCASCO answered and moved for summary judgment. Margaret opposed the motion and countermoved for summary judgment. Finding no issues of material fact, the trial court entered summary judgment for EMCASCO, concluding that "... it is not a question of causation, but a question of occupancy. And the facts in the case don't show occupancy. He [had] alighted from the vehicle." Margaret appeals, arguing that the court erred in concluding that there were no inferences of fact in dispute, and in granting summary judgment for EMCASCO.

In reviewing a summary judgment, we view the evidence in the light most favorable to the opposing party, and then determine whether the trial court properly granted summary judgment as a matter of law. *Binstock v. Tschider*, 374 N.W.2d 81 (N.D.1985). Under NDRCivP 56(e) to defeat a summary judgment, Margaret must identify competent evidence that raises a material fact question.

EMCASCO is a no-fault auto insurer, required by NDCC 26.1–41–06 to pay basic no-fault benefits without regard to fault for economic loss resulting from:

1. Accidental bodily injury sustained ... by the owner of the motor vehicle or any relative of the owner:
   a. While occupying any motor vehicle,
   ...

\*    \*    \*    \*    \*    \*

Margaret argues that summary judgment for EMCASCO is inappropriate because "[t]he facts in this case support the inference or conclusion that [John] was 'occupying' his motor vehicle when the fire started."

Without an eye witness to outbreak of the fire, Margaret argues that the open driver's door and John's stressed condition after running to Jack's indicate that John "exited the car and went over for help upon discovering the fire." Margaret argues that the cause of John's death, "an acute myocardial infarction with cardiac arrest secondary to the heat, excitement and exhaustion in regards to the fire," permits an inference of "accidental bodily injury" from a fire that began while John was in the car.

To support her argument, Margaret cites *Weber v. State Farm Mutual Automobile Insurance Company*, 284 N.W.2d 299 (N.D.1979), where we affirmed a trial court's finding of no-fault coverage. Travelling together on a hunting trip, Robert Weber and his friends spotted deer along the road. Weber steered his pickup into a roadside ditch to park. One friend loaded his rifle while exiting the pickup, the rifle discharged accidentally, and Weber was mortally wounded as he sat in the front seat. We said in *Weber* that "[i]t is foreseeable that accidents like [this] one ... will happen and the Auto Accident Reparations Act should provide coverage absent an expressed legislative declaration to the contrary." *Id.* at 303. Relying on this statement, Margaret argues that she is entitled to no-fault benefits because "[a]utomobile fires are frequent and foreseeable ...," and because "[i]t is also foreseeable that a person occupying a motor vehicle when it catches fire will suffer tremendous stress."

EMCASCO responds that the *Weber* decision is based on the statutory interpretation of "occupying" a car, not on foreseeability. We agree. Weber was accidentally shot, an "[a]ccidental bodily injury," while "seated behind the steering wheel," within the statutory condition of "occupancy." *Weber* at 300. NDCC 26.1–41–01(1) and (12). There is no evidence here, either direct or circumstantial, that John was "occupying" the car when his heart attack occurred.

In this no-fault statute, "occupying" means "to be in or upon a motor vehicle or engaged in the immediate act of entering into or alighting from the motor vehicle." NDCC 26.1–41–01(12). "Accidental bodily injury" means "bodily injury, sickness, or disease, including death resulting therefrom, arising out of the operation of a motor vehicle." NDCC 26.1–41–01(1). Margaret has presented no evidence to show that John's heart attack arose "out of the operation of a motor vehicle," or that it occurred while inside, upon, or "engaged in the immediate act of entering into or alighting from the motor vehicle."

After John noticed that his car was on fire, he ran to Jack's residence, a distance of about three-eighths of a mile. When John arrived, Jack said that he was "kind of shaken up," "breathing heavy," and "tired." Yet, John ran back to the burning car, another three-eighths of a mile. Once back at the car, John "never went into the vehicle," nor did he get onto the car, while attempting to extinguish the fire.

The trial court concluded:

There is clearly no indication that [John] was attempting to get back in the vehicle. What he was attempting to do was rescue the vehicle from fire and that has nothing to do with entering, except maybe remotely by saying, well, if he gets the fire out maybe he will be able to get back into it. But I think the occupancy has to be there. And ... it isn't satisfied in this case.

There is no evidence to indicate that John was experiencing pain or acute distress until just before he collapsed. When John collapsed from the heart attack, the record tells us that he was at least 15 to 20 feet, if not as much as 40 feet, away from the car.

Viewing the evidence in the light most favorable to Margaret, we conclude that no genuine questions of material fact exist to preclude summary judgment. John's unfortunate and unexpected death from a heart attack was not an "[a]ccidental bodily injury ... arising out of the operation of a motor vehicle." Also, there is no evidence that John was "occupying" his car when his heart attack occurred.

We affirm the trial court's summary judgment for EMCASCO.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and JOHNSON, JJ., concur.