1998 ND 31

**Sandra TUHY and David Tuhy, Plaintiffs and Appellants,**

v.

**Stanley R. SCHLABSZ, Defendant and Appellee.**

**Civil No. 970176.**

Supreme Court of North Dakota.

Feb. 12, 1998.

Senn Law Office, Dickinson, for plaintiffs and appellants; argued by David F. Senn.

McGee, Hankla, Backes & Dobrovolny, Minot, for defendant and appellee; argued by Jason R. Vendsel.

MESCHKE, Justice.

[¶ 1] Sandra and David Tuhy appealed a summary judgment dismissing their auto negligence action for lack of a serious injury. We reverse and remand for trial.

[¶ 2] On November 26, 1986, Sandra was a passenger in a car that collided with a pickup driven by Stanley Schlabsz. Sandra, who was insured by a no-fault policy, claimed injuries from Stanley's negligence. She and her husband sued Stanley in 1992 for damages from injuries to her neck, lower back, and knees.

[¶ 3] Stanley moved for summary judgment in 1995, arguing Sandra did not have the "serious injury" for an action under the North Dakota Auto Accident Reparations Act. Sandra and Stanley contested the seriousness of her injuries in various hearings and conferences until April 14, 1997, when the trial court ruled Sandra had "not sustained her burden of establishing ... the no-fault threshold requirement of a 'serious injury.'" The court granted summary judgment dismissing the claims, and Sandra and her husband appealed.

[¶ 4] Summary judgment under N.D.R.Civ.P. 56 is a procedure for the prompt disposition of a controversy without a trial. *Stanley v. Turtle Mountain Gas & Oil*, 1997 ND 169, ¶ 6, 567 N.W.2d 345. Summary judgment is appropriate when there are no genuine disputes about material facts. *Hovland v. City of Grand Forks*, 1997 ND 95, ¶ 5, 563 N.W.2d 384. The litigant moving for summary judgment has the burden of demonstrating no material facts are disputed. *Matter of Estate of Lutz*, 1997 ND 82, ¶ 14, 563 N.W.2d 90. The litigant opposing the motion must present admissible and competent evidence by affidavit or comparable means to dispute one or more material facts. N.D.R.Civ.P. 56(e). As we explained in *Ellingson v. Knudson*, 498 N.W.2d 814, 817 (N.D.1993) (citation omitted), "the court may examine the pleadings, depositions, admissions, affidavits, interrogatories, and inferences to be drawn from the evidence to determine whether summary judgment is appropriate."

[¶ 5] In reviewing a summary judgment, "we view the evidence in the light most favorable to the non-moving party and then determine if the trial court properly granted summary judgment as a matter of law." *Hovland*, 1997 ND 95 at ¶ 5, 563 N.W.2d 384 (citing *Ertelt v. EMCASCO Ins. Co.*, 486 N.W.2d 233, 234 (N.D.1992)). Because the evidence here indicates a genuine dispute about whether Sandra had a "serious injury" from the auto collision, we reverse the summary judgment.

[¶ 6] Under the no-fault auto accident reparations law, an insured claimant can recover non-economic damages in a tort action

only if the claimant has a "serious injury." NDCC 26.1–41–08(1)(a). And, an insured claimant cannot recover economic loss, such as medical expenses, "to the extent of all basic no-fault benefits paid or to become payable for such injury...." NDCC 26.1–41–08(1)(b). A "serious injury" is

> ... an accidental bodily injury which results in death, dismemberment, serious and permanent disfigurement or disability beyond sixty days, or medical expenses in excess of two thousand five hundred dollars.

NDCC 26.1–41–01(21) (part). The injured claimant has the burden to prove a "serious injury." *Reisenauer v. Schaefer*, 515 N.W.2d 152, 155 (N.D.1994). Sandra contended there were genuine disputes of material fact on whether she had a serious and permanent disfigurement, a disability beyond sixty days, or more than $2,500 in medical expenses necessary for a "serious injury."

■ [¶ 7] For one of the alternative ways to meet the threshold requirement of a "serious injury," Sandra claimed "a cut on her upper lip which resulted in a permanent scar" left her with a serious and permanent disfigurement. In her deposition, however, Sandra admitted, while the scar was "quite visible" to herself, no one had ever pointed it out or commented on it. In granting summary judgment, the trial court concluded:

> [Sandra] does not have a "serious and permanent disfigurement" by a claimed scar on her lip. This Court attempted to identify a scar on [Sandra's] lip at the hearing on this matter, and on close observation of [her] lip, there did not appear to be a visible scar and therefore [Sandra] does not have a "serious and permanent disfigurement."

Thus, Sandra did not show disputed facts for a "serious and permanent disfigurement" from the collision.

■ [¶ 8] Sandra also claimed she met the threshold of a "serious injury" by a "disability beyond sixty days." For auto accident reparations, disability is defined by NDCC 26.1–41–01(6) as "the inability to engage in substantially all of the injured person's usual and customary daily activities."

[¶ 9] Sandra testified that she has constant pain, frequent headaches, and knee and back pain that give her difficulty in getting up and down steps, washing floors, and gardening. Yet, in her deposition, Sandra also said she continued to walk a mile a day after the collision, as was her custom beforehand. She testified she had gardened for a couple of years after the collision, although she quit gardening later. Furthermore, she testified her recreational and household activities were not affected by the collision. Because she had not been employed at the time, Sandra had not missed any work. Since then, she has become employed to deliver newspapers and serve as a playground and lunchroom supervisor at a local school. Altogether, this shows Sandra was not unable "to engage in substantially all of [her] usual and customary daily activities" as NDCC 26.1–41–01(6) defines the "disability beyond sixty days" that NDCC 26.1–41–01(21) requires for a "serious injury." While this evidence indicates Sandra has knee and back ailments, it does not show a genuine dispute of material fact on whether Sandra was "disabled beyond sixty days" from the collision.

[¶ 10] For her third alternative, Sandra claimed she met the "serious injury" threshold with at least $2,500 in past and reasonably foreseeable medical expenses. In her July 28, 1995 affidavit, Sandra asserted she "has incurred the following medical expenses as a result of the accident":

| | |
|---|---:|
| St. Joseph's Hospital | $1,370.68 |
| Dickinson Clinic | 158.00 |
| Great Plains Clinic | 80.00 |
| Badlands Orthopedic | 114.00 |
| Southwest Physical Therapy | 198.18 |
| Prairie Imaging | 121.00 |
| Reopelle Chiropractic | 960.00 |
| Bone & Joint Center | 507.00 |
| Total | $3,508.86 |

In *Erdmann v. Thomas*, 446 N.W.2d 245, 247 (N.D.1989), we explained "in this jurisdiction, expert medical testimony is not required to lay the foundation for the admission of medical bills or expenses into evidence." A sufficient foundation can be established by a claimant's testimony that the medical bills were incurred as a result of the collision. *Id.*

■ [¶ 11] Here, Sandra's affidavit adequately evidenced her past medical expenses. They exceeded $2,500 and, under *Erdmann*, met the "serious injury" threshold. Once the

threshold has been met by sworn testimony of the claimant, we explained in *Erdmann* at 248, "the question whether the medical expenses were necessitated by the accident [becomes] one for the jury."

[¶ 12] However, the trial court concluded Sandra had not "by affidavit or testimony" established "with admissible evidence, in excess of $2,500 of past medical bills for injuries sustained in the accident on November 26, 1986." The court said, "[Sandra's] submission of past medical expenses is confusing to the extent that [Sandra's] estimated figures are not reliable evidence and do not indicate medical bills in excess of $2,500." The court reasoned Sandra had, at various times, given the amount of past medical expenses at $3,774.58, $3,508.86, and $2,300.00, and that the exhibits she prepared for trial showed a total of $2,588.68. Additionally, the trial court relied on the depositions of four orthopedic surgeons who treated her and were unable to say with a reasonable medical certainty that certain ailments, injuries, and medical expenses claimed by Sandra were caused by the collision.

[¶ 13] Sandra had seen a chiropractor immediately after the collision for treatment of her neck and knees. Sandra also had seen four different orthopedic surgeons about recurrent problems with her knees. She had seen two of them for lower back pain after the collision. Her doctors testified some of Sandra's problems were attributable to degenerative conditions unrelated to the collision. However, two doctors testified Sandra sustained some injury to her lower back, left knee, and neck in the collision. Thus, medical testimony tended to corroborate some part of her medical expenses were for injuries from the collision. One doctor believed a causal relationship might exist between the collision and her pain and discomfort afterward. The degree of aggravation of pre-existing conditions is a factual question for the jury. *See Olmstead v. First Interstate Bank of Fargo*, 449 N.W.2d 804, 808 (N.D. 1989)("Where a defendant's negligence aggravates a pre-existing [condition], the defendant must compensate the victim for the full extent of the aggravation but is not liable for the pre-existing condition itself.").

[¶ 14] While the necessity of future medical expenses for a knee replacement may not have been adequately shown to avoid summary judgment for lack of a "serious injury," *see Calavera v. Vix*, 356 N.W.2d 901, 902 (N.D.1984)(future expense countable only if they, "with reasonable medical certainty, will be incurred in the future"), the trial court did not accept Sandra's evidence of past medical expenses. Instead, the court considered her summaries "confusing" and characterized them as "not reliable evidence." These assessments show the court impermissibly weighed the credibility of Sandra's evidence.

[¶ 15] For summary judgment, the sufficiency of a litigant's affidavit evidence of her past medical expenses cannot be disregarded by comparing it to other evidence and characterizing it as confusing or inconsistent. We conclude Sandra's affidavit evidence created genuine disputes of material fact on whether her past medical expenses exceeded the threshold. Therefore, the trial court incorrectly entered summary judgment dismissing Sandra's and her husband's claims.

[¶ 16] Stanley incorrectly argued to the trial court, and continues to do so here, that "[i]n considering the motion for summary judgment, the Trial Court had to weigh the quantity and quality of the evidence presented by both parties." Even if the trial court found Sandra's evidence contradictory, "[t]he trial court is obligated to consider all such facts admissible under Rule 56, N.D.R.Civ.P., and if it appears from the record that there is an unresolved issue of material fact summary judgment is inappropriate." *Farmers Union Oil Co. v. Harp*, 462 N.W.2d 152, 156 (N.D.1990). In that opinion, we quoted from *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986) (citations omitted), to explain the rationale:

Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the non-movant is to be believed, and all

justifiable inferences are to be drawn in his favor.

In this case, the affidavit and deposition evidence left unresolved disputes of material fact on whether Sandra had a "serious injury" from past medical expenses. Therefore, summary judgment was wrong.

[¶ 17] We reverse the summary judgment and remand for trial. The jury must decide whether Sandra's medical expenses from the collision exceeded $2,500. If they did, of course, Sandra will be entitled to seek an award of damages from the jury for all of her injuries from the collision, even a slight disfigurement, minor disabilities, and potential future medical expenses although, categorically, those lesser injuries did not assist her in the threshold inquiry to get past an adverse summary judgment.

[¶ 18] VANDE WALLE, C.J., and MARING, NEUMANN and SANDSTROM, JJ., concur.