2000 ND 187

Joseph F. SCHAEFER and LaVonne J. Schaefer, Plaintiffs and Appellants,

v.

SOURIS RIVER TELECOMMUNICATIONS COOPERATIVE and Gerald Pettys, Defendants and Appellees.

No. 20000011.

Supreme Court of North Dakota.

Oct. 26, 2000.

Robert V. Bolinske, Bismarck, for plaintiffs and appellants.

James E. Nostdahl of Pringle & Herigstad, Minot, for defendants and appellees.

NEUMANN, Justice.

[¶ 1] Joseph and LaVonne Schaefer appeal from the trial court's judgment entered on a jury verdict dismissing their action against Souris River Telecommunications Cooperative and Gerald Pettys. The Schaefers also appeal the trial court's denial of their motion for a new trial. We conclude the trial court did not commit reversible error, nor did it abuse its discretion in denying a new trial. We affirm.

I

[¶ 2] On June 1, 1993, passenger Joseph Schaefer was injured when his vehicle was rear-ended by a Souris River Telecommunications Cooperative vehicle driven by employee Gerald Pettys. The Schaefers sued Pettys and Souris River Telecommunications Cooperative (collectively "SRT") in 1997, seeking damages for Joseph Schaefer's medical expenses allegedly resulting from the accident. SRT admitted liability for the accident, but denied Schaefer sustained a "serious injury," a threshold requirement for seeking damages in a tort action under the no-fault auto accident reparations law. N.D.C.C. § 26.1–41–08(1). A "serious injury" is "an accidental bodily injury which results in death, dismemberment, serious and permanent disfigurement or disability beyond sixty days, or medical expenses in excess of two thousand five hundred dollars." N.D.C.C. § 26.1–41–01(21).

[¶ 3] The parties stipulated to the foundation of medical records during pretrial conference and during trial. At trial, through testimony of LaVonne Schaefer, the Schaefers attempted to introduce two documents into evidence to show Joseph Schaefer had exceeded the $2,500 threshold required to establish a "serious injury." One of the documents, plaintiffs' exhibit 16, was a drug store printout of Joseph Schaefer's prescriptions from June 14, 1993, to January 18, 1999, on which LaVonne Schaefer had highlighted the allegedly accident-related prescriptions. The other, plaintiffs' exhibit 14, was a typed

summary of the highlighted prescriptions from the drug store printout. The allegedly accident-related prescriptions totaled $2,229.65. The trial court excluded the two documents from evidence, but allowed LaVonne Schaefer to testify as to the total amount.

[¶ 4] The jury returned a special verdict finding Joseph Schaefer did not suffer a "serious injury." Based on that verdict, the trial court entered judgment dismissing the Schaefers' action. The Schaefers moved for a new trial, arguing the trial court erred in excluding admissible evidence. The trial court denied the motion. The Schaefers appeal from the judgment and from the denial of their motion for a new trial.

## II

[¶ 5] The Schaefers argue the trial court erred by excluding admissible evidence consisting of a printout of Joseph Schaefer's prescriptions and a summary of that printout. Relying on *Tuhy v. Schlabsz*, 1998 ND 31, 574 N.W.2d 823, the Schaefers assert the trial court impermissibly weighed the credibility of the Schaefers' documentary evidence. SRT maintains the trial court correctly excluded the exhibits after determining they did not meet the competency, relevance, and materiality requirements to establish foundation.

[¶ 6] In *Tuhy*, Sandra Tuhy, a passenger in a car accident, offered her affidavit summarizing accident-related medical expenses, totaling $3,508.86, in an attempt to show she had met the $2,500 threshold requirement of a "serious injury," and thereby defeat a motion for summary judgment on that issue. *Tuhy*, 1998 ND 31, ¶ 10, 574 N.W.2d 823,. The trial court concluded Tuhy had not met the $2,500 threshold, because her affidavit of allegedly accident-related medical expenses was not reliable. *Id.* at ¶ 12. In reaching its conclusion, the trial court reasoned that Tuhy had, at various times, provided inconsistent accident-related medical expense totals of $3,774.58, $3,508.86, and $2,300.00. *Id.* at ¶ 12. The court also relied on the depositions of four orthopedic surgeons who treated her and who were unable to say, with reasonable medical certainty, the injuries and expenses Tuhy claimed were caused by the accident. *Id.* at ¶ 12. Tuhy's doctors testified some of her problems were attributable to degenerative conditions unrelated to the accident. *Id.* at ¶ 13. The trial court excluded her evidence of past medical expenses, characterizing her affidavit summaries as "confusing" and "not reliable evidence." *Id.* at ¶ 14. On appeal, this Court determined the trial court impermissibly weighed the credibility of Tuhy's evidence. *Id.* at ¶ 14.

[¶ 7] Here, the Schaefers attempted to introduce the documents through the testimony of LaVonne Schaefer. SRT initially objected for lack of foundation. The trial court recessed for approximately 45 minutes to examine the evidence by comparing the medications listed in the two proposed exhibits to Joseph Schaefer's medical records. During their offer of proof, the Schaefers acknowledged that more prescriptions were highlighted on exhibit 16, the drug store printout, than were accident related, and that the summary, exhibit 14, also included prescriptions that were not accident related. At that point, SRT asserted much of the offered material simply did not relate to the injuries at issue in the lawsuit. Joseph Schaefer's medical records had already been admitted into evidence, documenting visits to his primary treating physician from the early 1980s through the date of the trial. The records stated the reason for each visit and the medications prescribed. The records established Joseph Schaefer's physician had prescribed several medications for him for conditions unrelated to the 1993 accident. Because the printout included highlighted items and the summary included prescriptions not related to the accident, the trial court concluded the exhibits would have been confusing and misleading to the jury.

The Schaefers offered to amend the exhibits to exclude prescriptions for the drug Diflucan, which the trial court had identified as not accident related. SRT objected, arguing other prescriptions were similarly not accident related, and the trial court sustained the objection based on its review of Joseph Schaefer's medical records.

[¶ 8] The Schaefers' argument that the trial court impermissibly weighed the credibility of their evidence is misplaced. Although factually similar, *Tuhy* involved an appeal from a summary judgment dismissing the Tuhys' action. *Id.* at ¶ 1. Summary judgment is a procedural device used for the prompt and expeditious disposition of a controversy without a trial if either party is entitled to judgment as a matter of law, if no dispute exists as to the material facts or the inferences to be drawn from undisputed facts, or if resolving disputed facts would not alter the result. *Mandan Educ. Ass'n v. Mandan Public School Dist. No. 1*, 2000 ND 92, ¶ 6, 610 N.W.2d 64. In assessing evidence submitted for a motion for summary judgment a trial court is not permitted to weigh the evidence, determine credibility, or attempt to discern the truth of the matter. *Opp v. Source One Management, Inc.*, 1999 ND 52, ¶ 16, 591 N.W.2d 101. Rather, a trial court deciding a motion for summary judgment is required to view the evidence in the light most favorable to the resisting party. *Sullivan v. Pulkrabek*, 2000 ND 107, ¶ 6, 611 N.W.2d 162. In *Tuhy*, the trial court impermissibly weighed the credibility of the plaintiff's evidence in considering a motion for summary judgment. 1998 ND 31, at ¶ 14, 574 N.W.2d 823.

[¶ 9] In contrast, the Schaefers reached this Court after a full trial on the merits. The trial court's task was not to determine whether a genuine issue of material fact existed, but rather, whether the competency, materiality, and relevance of the proffered exhibits had been shown. *See Erdmann v. Thomas*, 446 N.W.2d 245, 246 (N.D.1989). The trial court conducted an appropriate examination and excluded the exhibits on relevance grounds.

[¶ 10] Relevant evidence is evidence that would reasonably and actually tend to prove or disprove a fact in issue. *Lemer v. Campbell*, 1999 ND 223, ¶ 18, 602 N.W.2d 686. We will not overturn a trial court's admission or exclusion of evidence on relevance grounds unless the trial court has abused its discretion. *Schneider v. Schaaf*, 1999 ND 235, ¶ 34, 603 N.W.2d 869. Generally, relevant evidence is admissible, and irrelevant evidence is not admissible. N.D.R.Ev. 402. Under Rule 403, N.D.R.Ev., even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Rule 403 recognizes that relevance does not ensure admissibility. There remains the question of whether its value is worth what it costs." *Patterson v. Hutchens*, 529 N.W.2d 561, 563–64 (N.D.1995) (internal quotation omitted). A trial court has broad discretion when determining whether proffered evidence is relevant. *Schneider*, at ¶ 34. A trial court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, or if its decision is not the product of a rational mental process. *Id.* at ¶ 34. We apply this deferential standard of review to provide trial courts with greater control in the admissibility of evidence. *State v. Christensen*, 1997 ND 57, ¶ 5, 561 N.W.2d 631.

[¶ 11] Evidence of Joseph Schaefer's accident-related medications would be relevant to the issue of whether his medical expenses exceeded the $2,500 threshold required to establish a "serious injury." However, evidence of Joseph Schaefer's nonaccident-related medications is irrelevant to any fact or issue in this case. Any probative value the exhibits might have had regarding Joseph Schaefer's accident-related medical expenses was outweighed

by the danger of confusing and misleading the jury with the irrelevant and inaccurately highlighted and summarized prescriptions. The trial court's ruling that the proffered exhibits would not be admissible even if the Schaefers had been allowed to amend the exhibits to exclude Diflucan from the allegedly accident-related prescriptions was not an abuse of discretion. The trial court appropriately examined the proffered exhibits, comparing them with Joseph Schaefer's medical records, and found the Schaefers' proposed modifications would not remedy the basis for inadmissibility under Rules 402 and 403, N.D.R.Ev. *See also* N.D.R.Ev. 1006, Explanatory Note ("[r]ule 1006 does not permit the admissibility of summaries where the individual writings are themselves inadmissible.") We conclude the trial court did not abuse its discretion in refusing to allow the Schaefers to introduce the printout and the summary into evidence.

[¶12] The Schaefers argue the trial court erred in excluding the printout and the summary from evidence because the parties had stipulated to the documents' foundation at both the pretrial conference and the beginning of trial. The stipulation as to foundation is not dispositive of the admissibility issue, however. Parties may stipulate as to the necessary foundation for the admission of evidence to be introduced at trial, subject to the trial court's discretion to accept or reject the proffered evidence. *State v. Unterseher*, 255 N.W.2d 882, 888 (N.D.1977). On appeal, the Schaefers acknowledge SRT did not stipulate to the documents themselves, but rather to the foundation of the documents. The Schaefers concede SRT retained their objections to the relevancy, competency, and materiality of the proffered exhibits. Applying sound discretion, the trial court conducted an appropriate examination and determined the exhibits were inadmissible on grounds of relevancy.

[¶13] The Schaefers also argue the trial court erred in allowing SRT's attorney to read the depositions of Joseph Schaefer's doctors, Rick J. Geier and Mark Monasky, during the Schaefers' portion of the case. The Schaefers assert allowing SRT's attorney to read the depositions made it appear to the jury that the doctors were SRT's witnesses, and it allowed SRT to control the pace and emphasis of the questions and answers. SRT contends that allowing its attorney to read the depositions was logical because SRT's attorney had asked the doctors the questions during the deposition, and to have the Schaefers read the depositions at trial would have been misleading to the jury. "The trial court is given 'great latitude and discretion in conducting a trial and, absent an abuse of discretion, its decision on matters relating to the conduct of a trial will not be set aside on appeal.'" *State v. Boehler*, 542 N.W.2d 745, 747 (N.D.1996) (quoting *Great Plains Supply Co. v. Erickson*, 398 N.W.2d 732, 734 (N.D.1986)). Allowing SRT's attorney to read the depositions was the product of a rational mental process, and the trial court did not abuse its discretion.

III

[¶14] Rule 59(b), N.D.R.Civ.P., permits a new trial when errors in law materially affecting the substantial rights of a party are made at the trial. We review a trial court's denial of a motion for a new trial under the abuse of discretion standard. *Schneider*, 1999 ND 235, at ¶12, 603 N.W.2d 869. A trial court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law. *Id.* at ¶12. An abuse of discretion is never assumed. *Braunberger v. Interstate Engineering, Inc.*, 2000 ND 45, ¶7, 607 N.W.2d 904. As discussed above, the trial court did not abuse its discretion in excluding the printout and the summary from evidence, nor did it err in its conduct of the trial.

[¶ 15] The Schaefers also argue in their motion for a new trial that SRT abused the discovery process by failing to provide the Schaefers with a document requested in discovery. One of the Schaefers' interrogatories requested identification of any documents relating to any of the issues involved in the litigation. During trial, the Schaefers' attorney saw Pettys reading a document that had not been given to them. This document was a one-paragraph statement by Pettys to SRT describing how the accident happened. At the outset of the trial, SRT had admitted its liability for the accident. The only issue for trial in this case was whether the Schaefers met the $2,500 threshold to establish a "serious injury." The document related to the accident. The Schaefers never argued it related to damages, the issue involved in the litigation. Because it was not argued the document related to the remaining contested issues, the trial court did not abuse its discretion in denying the Schaefers' motion for a new trial on this ground.

### IV

[¶ 16] We affirm the judgment of the trial court and the order denying the motion for a new trial.

[¶ 17] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, DALE V. SANDSTROM, JJ., concur.