JAHRAUS, Plaintiff-Appellee, v. FRYMAN, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2275.   Decided April 20, 1954.

Curtner, Brenton & O'Hara, Dayton, By Clifford R. Curtner, Of Counsel, for plaintiff-appellee.

Pickrel, Schaeffer & Ebeling, Dayton, By William H. Selva, Of Counsel, for defendant-appellant.

## OPINION

By MILLER, J.

This is a law appeal from the judgment of the Common Pleas Court in favor of the plaintiff and rendered upon the verdict of a jury. The action was one for damages for personal injuries sustained by the plaintiff, Mary M. Jahraus, as the result of being struck by an automobile

being driven by the defendant, Mary E. Fryman, while she was proceeding in an easterly direction in the pedestrian's crosswalk at the intersection of Philadelphia Drive and Salem Avenue, Dayton, Ohio. The plaintiff was proceding in the crosswalk on the south side of Salem Avenue, and the defendant was driving her automobile in an easterly direction on the south side of said Salem Avenue. The record discloses that both the plaintiff and the defendant entered the intersection with the green traffic light; that while the plaintiff was proceeding in the crosswalk the defendant made a right turn into the intersection striking the plaintiff and her daughter, causing the injuries which are the subject of this action. The accident occurred about 9:00 P M. It was raining, the defendant's bright lights were on the low beam, and the windshield wiper was in operation.

The defendant was charged with the following acts of negligence, all of which were in issue:

(1) Defendant failed to yield the right of way to plaintiff, then and there on said crosswalk.

(2) Defendant was not keeping a lookout for plaintiff on said crosswalk, as she approached in a southerly direction across the same.

(3) That said defendant was operating her automobile at a rate of speed in making said turn, to-wit: 35 M. P. H.

(4) Defendant failed to give any warning of her approach as she turned right off Salem Avenue.

The Court in its general charge told the jury that before the plaintiff could recover, one of the essential elements of proof was that the defendant was negligent. It is urged by the defendant that this instruction permitted the jury to return a verdict if they found any negligence on the part of the defendant proximately causing the defendant's injuries whether such negligence was charged in the second amended petition or not. This charge, however, must be considered in the light of the whole charge given, including the special charges before argument, and the jury was so instructed, the Court saying in its opening remarks to the jury before reading the special instructions:

"* * * These instructions are in my opinion correct statements of law applicable to some part of the evidence in the case, and are to be considered by you in conjunction with the general charge, which I shall give you at the conclusion of counsel's arguments or this afternoon as I indicated. You are to consider all these special instructions in connection with that general charge, and consider the general charge in connection with these, and consider all these in connection with each other. These are written instructions and will accompany you in your jury room. The general charge I give you will not be written. It will be oral. Nevertheless, despite the fact that the general charge is oral, and these special charges are written, you will consider them all together and in harmony with each other."

And in Special Charge No. 7 it will be found that the Court limited the acts of negligence for which a recovery may be had to those charged in the second amended petition. Special Charge No. 7 reads as follows:

"I charge you that before the plaintiff can recover in this case the burden is upon the plaintiff to prove the essential allegations contained in her second amended petition by a preponderance of the evidence. By a preponderance of the evidence is meant the greater weight of the evidence,

and if, upon consideration of all of the evidence in this case, you find that the plaintiff has failed to prove her case by preponderance of the evidence, then your verdict must be for the defendant."

And at the close of its general charge the Court again cautioned the jury, stating:

"As I stated to you when I read the special instructions this morning, the Court has not embodied all the law applicable to this case in any one of these instructions, nor in any one or all of the special written instructions read to you and which you will have with you in your jury room. And in considering any one charge or instruction, you must consider it in the light of and in harmony with every other instruction given, and in so considering and so construing apply the principles enunciated to all the evidence admitted upon the trial."

It is our conclusion that the Court did not err in this instruction to the jury.

It is next urged that the court erred in charging the jury on the assured clear distance ahead statute for the reason that this issue was neither charged in the pleading nor raised in the evidence. We cannot agree with this conclusion.

The third specification of negligence charges the defendant was operating her automobile in making the turn in excess of 35 miles per hour. There is also evidence in the record concerning the speed at which the defendant was traveling, and all of which was admitted without objection. The court's charge on the question was correct, complete and not prejudicial See **Glasco v. Mendleman, 143 Oh St 649; Schwab v. Keeler, 81 Oh Ap 291.** We find no error in the order of the court overruling the defendant's motion to withdraw the second and third specifications of negligence from the consideration of the jury. It will be noted that the second specification charges that the defendant failed to keep a lookout for the plaintiff on the crosswalk. We think there is sufficient evidence in the record to support this charge. The defendant testified that she saw the plaintiff and her daughter standing at the curb waiting for the red light to change to green at the same time that she was stopped. She tesified further that she did not see them again until she was from three to five feet from them and unable to stop, and that they were then not over six feet from the curb. The evidence offered by the plaintiff's witnesses, however, placed the plaintiff at approximately the middle of the intersection at the time she was struck Clearly a factual question was presented for the jury to determine. whether or not the defendant had maintained a proper lookout. As we stated supra, the court properly charged upon the assured clear distance ahead statute which was given under the third specification of negligence. The court properly refused to strike this specification from the record.

It is next urged that the court erred in giving Special Charge No. 4, which reads as follows:

"I charge you as a matter of law that Mary Jahraus in crossing Philadelphia Drive on the crosswalk, in the absence of knowledge to the contrary, had a right to expect and assume that the defendant Mary Fryman, would obey the law and yield to her the right of way."

This charge is substantially the same as was approved in **Stout v. Wag-**

ner, 87 Oh Ap 43, except in that charge the court instructed the jury that the law was applicable in case it found that the plaintiff had the right of way. The charge as given here was correct for the reason that the plaintiff did have the right of way. The court instructed the jury that she was lawfully in the crosswalk with the green light in her favor at the time she was struck. Sec. 6307-45 GC, gives the right of way to the pedestrian lawfully crossing in any crosswalk. Therefore the plaintiff had the right of way and the charge was correct in the light of the facts presented.

At the conclusion of the court's charge the defendant requested the court to charge further upon the necessity of the exercise of ordinary care, that the plaintiff must use her sense of sight and ascertain that which a reasonably prudent person would ascertain under the circumstances. The court refused to so charge for the reason it was of the opinion that the requested additional charge had been sufficiently covered in the instructions given. We find that this subject was included in Special Instruction No. 8, which was given to the jury before argument and reads as follows:

"I charge you that whether the plaintiff was on a croswalk or not, she was at all times under the legal duty to exercise ordinary care for her safety while crossing the street, and that duty would require the plaintiff to use reasonably her sight for her own safety. If you find that plaintiff failed to use ordinary care for her own safety and such failure contributed in the slightest degree as a proximate cause of the accident then your verdict must be for the defendant."

The court properly refused this additional instruction for the reason that it might tend to overemphasize this subject.

Finally, it is urged that the court erred in refusing to withdraw a juror because of alleged misconduct on the part of counsel for the prevailing party The record reveals that counsel for plaintiff in examining a certain witness referred to a question asked by counsel for defendant as a "trick" question. Objection to the comment by counsel was sustained, and the same was ordered stricken from the record. Again in his argument to the jury, counsel for the plaintiff referred to certain special instructions offered by the defendant as "trick" charges. The defendant objected to the comment of counsel and also to his informing the jury who prepared the special instructions. The Court ruled that the jury should not be advised as to who requested an instruction, for the reason that it makes no difference. The court further stated that when an instruction is requested, if it is a true statement of law applicable to the evidence in the case, that it would be given regardless of who requested it. The court then overruled the motion to withdraw a juror. We are of the opinion that counsel for the plaintiff exceeded the bounds of propriety in the various statements complained of; but even so, do these statements require a reversal in the absence of a showing of any harmful effects from the same? There is no claim that the verdict was rendered under passion or prejudice, or that the damages are excessive. A reviewing court will not reverse for misconduct of counsel unless it clearly appears that it was of such a character and so persistent as to prevent a fair trial of the cause. 4 O. Jur. (2d) 204, Sec. 959.

In the case of **Ohio & Western Pennsylvania Dock Co. v. Trapnell, 88 Oh St 516,** the court says at page 521:

"Remarks of this kind are wholly improper in the trial of a case and it is the duty of the trial court to see that they are not made, or at least not persisted in, but something must be left to the discretion of a trial court, otherwise we would never reach an end to litigation, and a reviewing court ought not to reverse unless it clearly appears that such misconduct was of such a character and so persistent as to prevent a fair trial of the cause."

The control over the latitude allowed a counsel in the argument of a case requires the exercise of a sound discretion and unless there is an abuse thereof the action of the trial court will not be disturbed. We find no such abuse in the facts presented in this case.

Finding no prejudicial error in the record, and being of the opinion that substantial justice has been done, the judgment will be affirmed.

WISEMAN, PJ, and HORNBECK, J, concur.