The State of Ohio, Appellee, *v.* Fellows, Appellant.

[Cite as State v. Fellows (1975), 47 Ohio App. 2d 154.]

(No. 9-74-26—Decided July 8, 1975.)

*Mr. C. Michael Piacentino* and *Mr. David E. Williamson,* for appellee.
*Mr. Arthur H. Thomas, Jr.,* for appellant.

Miller, J. Defendant is appealing a judgment of conviction and sentence for a violation of R. C. 4511.19, operating a motor vehicle while under the influence of alcohol. In considering the assignments of error, we will set forth such facts as we deem essential to the disposition of each assignment.

The first assignment of error asserts that the trial court erred in overruling defendant's motion for a mistrial and his motion for a new trial for misconduct of the prosecutor during closing argument. This claimed error is based on the following comments:

Mr. Rogers (the prosecutor): " * * * As far as this

little Test Record, State's Exhibit No. 3 which you will have with you in the jury room, there is an impression as to the test results, placed on there by the machine, everything else is written, but if you will remember I asked specifically when Patrolman Bender filled that information out and he said at the time of the test, and he signed it. The only way an alteration could have been made was for him to tear up the old one and write out a new one. You (indicating) wouldn't lie to me now, would you?''

Patrolman Bender: ''It would mean my job.''

Defendant thereupon moved for a mistrial, which was overruled.

The control of arguments of counsel is generally within the sound discretion of the trial court and its action thereon will be reversed only if it appears that there was misconduct of counsel of such a character and so persistent as to prevent a fair trial of the cause. See *Jahraus* v. *Fryman* (1954), 70 Ohio Law Abs. 558. The overruling of a motion for a new trial based upon the misconduct of the prosecuting attorney in argument to the jury will not be disturbed by a reviewing court in the absence of an abuse of discretion by the trial court.

Abuse of discretion implies an unreasonable, arbitrary and unconscionable attitude on the part of the court. *Steiner* v. *Custer* (1940), 137 Ohio St. 448.

Although the officer answered the statement or question of the prosecutor, the statement and answer were not of such a character, nor so persistent as to deny defendant a fair trial. Neither did the trial court's refusal to grant a new trial therefore constitute an abuse of discretion. The first assignment of error is overruled.

We will consider the second and third assignments of error together. The second assignment asserts error in the admission of a page of a log book maintained by the Marion post of the highway patrol and the third assignment asserts error in admitting in evidence the test result and testimony regarding the results of a breathalyzer test.

The page of the log book was presented for the purpose of showing that the breathalyzer machine had been

calibrated within the proper time limits by an officer other than the officer testifying and, of course, the result of the breathalyzer was presented for the purpose of establishing the presumption of being under the influence of alcohol as provided for by R. C. 4511.19. At no time was the officer who had conducted the calibration and entered the report of it in the log book called to testify, nor was it established that the custodian of the record was testifying.

In *State* v. *Miracle* (1973), 33 Ohio App. 2d 289, this court stated in the syllabus:

"1. By virtue of R. C. 4511.19, before testimony as to the results of a breathalyzer test may be admitted into evidence, and before any consideration of the presumption set forth in such section may be had by the trier of fact, the following facts pertaining to the breathalyzer tests must be affirmatively established:

"a. The specimen subject of the test must be withdrawn within two hours of the time of such alleged violation;

"b. The substance of the specimen shall be analyzed in accordance with methods approved by the director of health;

"c. The analysis shall be made by an individual possessing a valid permit issued by the director of health, pursuant to R. C. 3701.143."

The department of health requires the breathalyzer machine to be calibrated no less frequently than after every ten tests or after any nine days, if fewer than ten tests are performed in any nine day period. So, the calibration of the breathalyzer, to test whether or not it is in working order, is a very crucial part of administering the test. Since it is incumbent upon the state to establish all of the prerequisites, it must be established that the breathalyzer was properly calibrated before evidence of the results of the test are admissible. *State* v. *Hall* (1973), 39 Ohio App. 2d 87, 90.

Since the officer calibrating the machine did not testify and the log book was presented for the purpose of showing a valid and timely calibration, the log book, to be admis-

sible, must have acquired its authenticity by virtue of R. C. 2317.40 (Business Records as Evidence Act.).

In *State* v. *Tims* (1967), 9 Ohio St. 2d 136, 138, the court stated:

"One of the basic and fundamental rights guaranteed an accused by both the state and federal Constitutions is the confrontation of the witnesses against him. * * *

"This right of confrontation includes the right of cross-examination of the person who is the actual witness against him. If applicable in a criminal case, the Business Records as Evidence Act denies him such right. The act permits the introduction of evidence in the form of records without requiring the presence of the person who actually made the examination. It is this person who is the actual witness against the accused, not the custodian, and it is this witness that the accused has the right to cross-examine to determine his qualifications and to determine whether the tests were made properly."

We conclude that the admission of the log book in evidence, over objection, to establish the timely calibration of the breathalyzer machine, in the absence of testimony by the officer calibrating the machine, was erroneous. We further conclude that proof of proper calibration of the machine as an incident of its being in proper working order was a necessary prerequisite to the admission of the results of the breathalyzer test and the absence of such proof rendered the test result and testimony in regard thereto inadmissible.

There being additional evidence in the record to indicate that defendant was operating a motor vehicle while under the influence of alcohol, we must determine whether the admission of the log book and test results was prejudicial to the defendant.

Although error in admitting evidence may be harmless, where the facts intended to be proved thereby are fully shown by other evidence, in view of the fact that the other testimony offered by the officers as to behavior, speech, conduct and appearance was disputed by the defendant and attributed by him to have been caused, at least in part, by his taking medication, we find the error in the admission

of the log book and of the test results to be prejudicial to defendant. See *State* v. *Miracle, supra.*

Defendant by his fourth assignment of error contends that the trial court erred in admitting in evidence the video tape taken by the officers subsequent to his arrest and while at the patrol post. Basically, he objects to the admission of the tape generally, and specifically objects to the statements of the officers contained in the tape.

In *Piqua* v. *Hinger* (1968), 15 Ohio St. 2d 110, the court held in the syllabus:

"1. Physical tests, whereby a person accused of operating a motor vehicle while under the influence of intoxicating liquor is required to write his name and address, to pick up coins placed on the floor, to close his eyes and touch his hand to his nose, and to submit to a Breathalyzer test, and motion picture films made thereof, are real or physical evidence and not such communication or testimony of the accused as is protected by the constitutional privilege against self-incrimination."

It is also stated in the opinion at page 113 that "[s]uch evidence is constitutionally admissible, even if compelled * * *."

Here, however, defendant additionally objected to the tape because the statements of the officer contained therein were in the form of conclusions which the jury should make. In the transcript of proceedings, the trial court, at the request of defense counsel, cautioned the jury to disregard those statements and not to consider them as evidence. The trial court then asked defense counsel if "that is satisfactory to explain it" to which counsel answered "yes."

Thus, that portion of the video tape which constituted physical or real evidence was properly admitted and any error in that portion which constituted an opinion by the officer was not properly preserved for appeal.

The fifth assignment of error asserts error in allowing the jury to view the videotape for a second time during deliberations. We determined above that the videotape was properly in evidence. It is common practice to send ex-

hibits admitted into evidence to the jury room. See 52 Ohio Jurisprudence 2d 554, Trial, Section 70. Once in the jury room, the exhibits may be examined by the jury to any extent it desires.

Although the record does not conclusively so indicate, it is easily inferred that the jury's request to review the videotape was necessitated by lack of equipment for reviewing it in the jury room. We find no prejudicial error in the jury's viewing a second time an exhibit properly admitted into evidence.

The defendant by his sixth and last assignment contends that the trial court erred in improperly charging the jury with regard to the breathalyzer test. Criminal Rule 30 precludes any party from assigning as error any portion of a charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict. We find no objection to the charge or any portion thereof in the record before this court and overrule the sixth assignment of error.

For the error in admitting into evidence a page of the log book and the results of the breathalyzer test together with testimony in regard thereto, we reverse the judgment of the trial court and remand this case to that court for a new trial.

*Judgment reversed.*

Cole, P. J., and Guernsey, J., concur.