**STATE of North Dakota, Plaintiff and Appellee,**

v.

**James W. DAULTON, Defendant and Appellant.**

**Cr. No. 930260.**

Supreme Court of North Dakota.

June 28, 1994.

Patricia L. Burke, State's Atty., Bismarck, for plaintiff and appellee.

Wayne D. Goter, Bismarck, for defendant and appellant.

SANDSTROM, Justice.

James W. Daulton appeals from a jury verdict and judgment convicting him of robbery with a firearm or other dangerous weapon. We affirm.

## I

A Bismarck convenience store was robbed on December 25, 1992. The store clerk testified a man pointed a gun at her, threatened to shoot her, and demanded money. She handed him two packs of 25 one-dollar bills from the store safe.

Daulton was arrested a few hours later. His car matched the description given by the store clerk and other witnesses. He had 41 one-dollar bills in his possession. The store clerk identified Daulton as the robber in a photo line-up and at trial. The jury returned a verdict of guilty of robbery with a firearm or dangerous weapon, a class B felony. *See* N.D.C.C. § 12.1–22–01(2).

## II

Daulton asserts the trial court erred in giving an "acquittal first" jury instruction. This Court has not directly addressed the proper form of instruction to guide a jury in its transition from considering the charged offense to considering lesser included offenses. There are primarily two types of transitional instructions: (1) the "acquittal first" instruction,[1] which requires the jury to agree unanimously to acquit on the greater offense before considering lesser offenses, and (2) the "unable to agree" instruction,[2] which instructs the jury it may consider lesser included offenses if, after reasonable efforts, the jurors cannot agree on a verdict on the greater offense.

The trial court in this case gave the following instruction:

### "INCLUDED OFFENSE

"The elements of the offense I have earlier described, if proved, constitute a Class B felony. If all of the elements of the offense described are proved except No. 3 (that a firearm was used) the offense is a Class C Felony.

"In your deliberations, you must first determine whether the offense charged

---

1. The "acquittal first" instruction is sometimes called a "step" instruction or a "progression" instruction.

2. The "unable to agree" instruction is sometimes called a "reasonable efforts" instruction.

(the Class B felony) has been proved. If so, there is no need to consider the C felony charge. If the Class B felony charge has not been proved, you must then determine whether the C felony charge has been proved. If not so proved, you must return a verdict of Not Guilty. You must, in any event, sign only one verdict."

Daulton requested the following unable to agree instruction:

### "INCLUDED OFFENSE

"If, after full and careful consideration of the evidence you cannot agree on a verdict on the charged offense of Robbery With a Firearm or Dangerous Weapon, as charged in the information, you should then consider whether the Defendant is guilty of committing the crime of Robbery, an offense that is necessarily included in the offense charged."

The issue of which transitional instruction is appropriate has created a wide divergence of opinion. The majority of courts presented with the issue have approved the acquittal first instruction. *See, e.g., Lindsey v. State*, 456 So.2d 383, 387 (Ala.Crim.App.1983), *aff'd* 456 So.2d 393 (Ala.1984), *cert. denied*, 470 U.S. 1023, 105 S.Ct. 1384, 84 L.Ed.2d 403 (1985); *State v. Staatz*, 159 Ariz. 411, 768 P.2d 143, 148 (1988); *State v. Wussler*, 139 Ariz. 428, 679 P.2d 74, 76 (1984); *People v. Padilla*, 638 P.2d 15, 17–18 (Colo.1981); *State v. Sawyer*, 227 Conn. 566, 630 A.2d 1064, 1075 (1993); *Lamar v. State*, 243 Ga. 401, 254 S.E.2d 353, 355 (1979); *State v. Van Dyken*, 242 Mont. 415, 791 P.2d 1350, 1361, *cert. denied*, 498 U.S. 920, 111 S.Ct. 297, 112 L.Ed.2d 251 (1990); *State v. Jones*, 245 Neb. 821, 515 N.W.2d 654, 656 (1994); *People v. Boettcher*, 69 N.Y.2d 174, 513 N.Y.S.2d 83, 86–87, 505 N.E.2d 594, 597–598 (1987); *State v. Wilkins*, 34 N.C.App. 392, 238 S.E.2d 659, 665, *review denied*, 294 N.C. 187, 241 S.E.2d 516 (1977); *Commonwealth v. Hart*, 388 Pa.Super. 484, 565 A.2d 1212, 1216 (1989), *appeal denied*, 525 Pa. 642, 581 A.2d 569 (1990); *State v. McNeal*, 95 Wis.2d 63, 288 N.W.2d 874, 875–876 (1980).

Two states have adopted a variation of the acquittal first rule, holding the jury should be instructed it may *consider* lesser included offenses before acquitting on the greater charge, but must unanimously acquit on the greater charge before *returning a verdict* on the lesser offense. *See Whiteaker v. State*, 808 P.2d 270, 271 (Alaska App.1991); *Dresnek v. State*, 697 P.2d 1059, 1060–1064 (Alaska App.1985), *aff'd*, 718 P.2d 156 (Alaska), *cert. denied*, 479 U.S. 1021, 107 S.Ct. 679, 93 L.Ed.2d 729 (1986); *People v. Berryman*, 6 Cal.4th 1048, 25 Cal.Rptr.2d 867, 881–884, 864 P.2d 40, 54–57 (1993); *People v. Kurtzman*, 46 Cal.3d 322, 250 Cal.Rptr. 244, 248–253, 758 P.2d 572, 576–580 (1988).

A few jurisdictions hold it is error to give an acquittal first instruction, and require the unable to agree instruction. *State v. Ferreira*, 8 Haw.App. 1, 791 P.2d 407, 408–409, *cert. denied*, 71 Haw. 668, 833 P.2d 901 (1990); *People v. Handley*, 415 Mich. 356, 329 N.W.2d 710, 712 (1982) (ruling applied prospectively only); *State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d 286, 292–293 (1988), *cert. denied*, 493 U.S. 826, 110 S.Ct. 89, 107 L.Ed.2d 54 (1989); *State v. Allen*, 301 Or. 35, 717 P.2d 1178, 1180–1181 (1986).

Daulton asks us to adopt the "optional approach" formulated by the United States Court of Appeals for the Second Circuit in *United States v. Tsanas*, 572 F.2d 340 (2d Cir.), *cert. denied*, 435 U.S. 995, 98 S.Ct. 1647, 56 L.Ed.2d 84 (1978). The court in *Tsanas* addressed at length the policy considerations implicated in the acquittal first and the unable to agree instructions, and concluded neither instruction is wrong as a matter of law. *Tsanas* at 346. However, the *Tsanas* court further concluded the defendant should have the option to elect which instruction he prefers, and the court is bound to give the requested instruction. If the defendant makes no request, the court may give either.[3] *Tsanas*. A few federal circuits and other jurisdictions have adopted the *Tsanas* rule. *See United States v. Jackson*, 726 F.2d 1466, 1469 (9th Cir.1984); *Catches v. United States*, 582 F.2d 453, 459 (8th Cir. 1978); *Jones v. United States*, 620 A.2d 249,

---

**3.** Because the defendant had not requested an unable to agree instruction, or objected to the acquittal first instruction given, the court affirmed the conviction. *Tsanas* at 347.

252 (D.C.1993); *State v. Powell,* 158 Vt. 280, 608 A.2d 45, 47 (1992).

We find the cases approving the acquittal first rule to be better reasoned and supported by strong policy considerations. We agree "the instruction which requires an acquittal of the offense charged before consideration of lesser-included offenses provides for a more logical and orderly process for the guidance of the jury in its deliberations." *State v. Wussler, supra,* 679 P.2d at 76. As noted by the court in *Commonwealth v. Hart, supra,* 565 A.2d at 1216 (citation omitted):

> "While the jury must serve as the sole finder of fact, the trial court has a duty to frame legal issues for the jury and instruct the jury on the applicable law.... One method by which the court may choose to clarify issues for the jury is to direct the jury to consider at the outset the most serious form of the offense with which the defendant has been charged.... By directing the jury to begin its deliberations with the greater offense, the judge can help to ensure that the jury will bring its independent judgment to bear on all important aspects of the Commonwealth's case."

Strong policy arguments have been advanced rejecting the *Tsanas* approach:

> "The jury instruction to be given at the conclusion of a trial, however, is a question of law that cannot be resolved by deference to the wish of the defendant or by a sporting theory of justice.... A criminal trial is not a game of chance. Allowing the defendant to choose the transitional instruction and to gamble on its consequences slights the desirable goals of thorough deliberations and finality and neglects the state's interest in the resolution of the charges on which it presented the defendant.... Such an approach to transitional instructions is dictated more by expediency than by a commitment that justice be done to both the state and the defendant, and that the charges brought be thoroughly deliberated, considered and disposed of definitively. See Uniform Rules of Criminal Procedure 535(b), comments, 10 U.L.A. 281–82 (1974) (unanimity

requirement leads to more thorough consideration of issues and more careful deliberation)."

*State v. Sawyer, supra,* 630 A.2d at 1071 (citations omitted). The Court of Appeals of New York also eloquently rejects *Tsanas:*

> "[W]e reject *Tsanas* (*supra* ) and its progeny because they give insufficient weight to the principle that it is the duty of the jury not to reach compromise verdicts based on sympathy for the defendant or to appease holdouts, but to render a just verdict by applying the facts it finds to the law it is charged.... It is no doubt true, as we have noted in the past, that in jury rooms, as well as all other deliberative bodies, some strong members are able to impress their will upon the weaker ...; but acknowledgment of the imperfection of human nature is quite a different thing from the creation of an environment conducive to such behavior."

*People v. Boettcher, supra,* 513 N.Y.S.2d at 86–87, 505 N.E.2d at 597–598 (citations omitted).

By constitution, statute, and rule, all jury verdicts in criminal cases must be unanimous. Article I, § 13, North Dakota Constitution; N.D.C.C. § 29–17–12; Rule 31(a), N.D.R.Crim.P. The primary difficulty with the unable to agree instruction is it dilutes the requirement of unanimity and encourages the jury to bypass the charged offense on its way to a compromise verdict:

> "The defendant assumes, nonetheless, that when lesser included offenses are involved, a middle ground, compromise position always waits in the wings and may be turned to by the jury at any time that it is unable to agree on a verdict on the charged offense. That assumption carries with it the further assumption that at some point, the offense that the state has elected to prosecute may simply be bypassed and left in limbo without any resolution by way of a verdict. We are unaware of any authority in this state for that proposition.

> "Although the jury may initially be instructed concerning lesser included offenses, and may eventually turn to these lesser included offenses to reach a verdict,

it should not be given an instruction that could encourage it to give the charged offense short shrift and to turn to lesser included offenses in order to reach a compromise verdict virtually at the outset of its deliberations. Only after it has confronted and unanimously completed the difficult task of deciding the guilt or innocence of the accused as to the charged offense should the jury consider lesser included offenses. Anything less dilutes the right of the state and the defendant to have the jury give its undivided attention and most serious deliberations to the offense with which the defendant is charged and flies in the face of the unanimity requirement...."

*State v. Sawyer,* 630 A.2d at 1073 (footnote omitted).

Prior cases of this Court have stressed concern for the potential of compromise verdicts. This Court has repeatedly admonished that instructions on lesser included offenses should only be given when evidence is introduced which may support a reasonable doubt as to the charged offense, because a contrary rule "may well lead the jury to a compromise decision, which is not compatible with the function of the jury in a criminal case." *State v. Piper,* 261 N.W.2d 650, 654 (N.D.1977); *see also State v. Hondl,* 506 N.W.2d 404, 407 n. 4 (N.D.1993); *State v. Tweed,* 491 N.W.2d 412, 415 (N.D.1992); *State v. Skjonsby,* 319 N.W.2d 764, 777 (N.D. 1982). The Court in *Piper* at 654, quoted with approval from *Hughes v. State,* 55 Wis.2d 477, 198 N.W.2d 348, 350 (1972):

" '[J]uries are not to be given the discretion or freedom to pick and choose what offense the accused should be found guilty of.... The evidence must throw doubt upon the greater offense. Juries cannot rightly convict of the lesser offense merely from sympathy or for the purpose of reaching an agreement. They are bound by the evidence and should be limited to those included crimes which a reasonable view of the evidence will sustain and does

not convince beyond a reasonable doubt the additional element of the greater crime existed.' "

*See also Skjonsby* at 777.

In *State v. Sheldon,* 301 N.W.2d 604, 610 (N.D.1980), *cert. denied,* 450 U.S. 1002, 101 S.Ct. 1711, 68 L.Ed.2d 204 (1981), this Court tacitly approved a "step" instruction requiring the jury to find the defendant not guilty of the greater offense before considering the lesser included offense. The holding in *Sheldon* clearly foreshadowed the result we reach today.

■ Finally, we note the instruction given in this case was not a true acquittal first instruction. The instruction merely provided that if the jury determined the class B felony charge "has not been proved," it could then consider the lesser included class C felony offense. The jury was not explicitly instructed it had to unanimously agree to acquit on the greater offense before considering the lesser offense. Courts have held similar instructions were not acquittal first instructions, even in jurisdictions which forbid acquittal first instructions. *See People v. Padilla, supra,* 638 P.2d at 17–18; *State v. Thomas, supra,* 533 N.E.2d at 293; *State v. Wages,* 87 Ohio App.3d 780, 623 N.E.2d 193, 201 (1993). The instruction given in this case represents a reasonable compromise among the various transitional instructions, and may in fact have been more favorable to Daulton than he was entitled.[4] We conclude the transitional instruction given in this case was not error.

### III

■ Daulton also asserts the trial court erred in not granting his motion for a new trial "in the interests of justice," based upon a note sent by the jury during deliberations. The jury note pointed out the instructions defined robbery with a "firearm or other dangerous weapon," while the verdict form said "with a gun," and further noted "some

4. The relevant pattern jury instruction, N.D.J.I.— Criminal 2019, is much closer to a true acquittal first instruction:

"INCLUDED OFFENSE
"If you find the Defendant not guilty of the crime of _____, then you must consider whether the Defendant is guilty of the crime of _____, a crime that is necessarily included in the offense charged."

members agree that it may not have been a gun but rather some other dangerous weapon." The court advised the jury the verdict form should be read to include "or other dangerous weapon," and the jury retired for further deliberations. Daulton asserts the note demonstrates a compromise or coerced verdict and, because there was no evidence of a weapon other than a gun, may indicate the jury verdict is not supported by the evidence. He therefore asserts he was entitled to a new trial.

A defendant challenging denial of a new trial on appeal bears a heavy burden:

> "The decision to grant or deny a new trial is committed to the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion. *E.g., State v. Skaro,* 474 N.W.2d 711 (N.D.1991). A trial court abuses its discretion when it acts in an arbitrary, unreasonable or unconscionable manner. *Id.* A trial court acts in an arbitrary, unreasonable or unconscionable manner when its exercise of discretion is not 'the product of a rational mental process by which the facts of record and law relied upon are stated and are considered together for the purpose of achieving a reasoned and reasonable determination,' or, as alternatively stated, when it misinterprets or misapplies the law. *In the Matter of Conservatorship of Kinney,* 495 N.W.2d 69 (N.D.1993); *Heller v. Heller,* 367 N.W.2d 179 (N.D.1985)."

*State v. Schuh,* 496 N.W.2d 41, 44 (N.D.1993) (footnote omitted).

Rather than demonstrating a compromise or coerced verdict, or that the verdict was not based upon the evidence presented, we view the jury note as merely an indication of uncertainty at a particular moment during deliberations. It may also suggest some confusion of the jury caused by inconsistencies in the instructions and verdict form. After clarification by the trial court, the jury resumed deliberations and returned a verdict supported by the evidence in the case. The store clerk's testimony that Daulton pointed a gun at her and threatened to shoot her was unrefuted. The trial court did not abuse its discretion by denying Daulton's motion for a new trial.

The verdict and judgment of conviction are affirmed.

VANDE WALLE, C.J., and MESCHKE and NEUMANN, JJ., concur.

LEVINE, J., concurs in the result.