**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Orval Raymond BOEHLER, Defendant and Appellant.**

**Criminal No. 950215.**

Supreme Court of North Dakota.

Jan. 30, 1996.

Ronald A. Reichert of Reichert, Buresh, Herauf & Ficek, P.C., Dickinson, for defendant and appellant; argued by William A. Herauf.

SANDSTROM, Justice.

Orval Boehler was arrested for driving under the influence of alcohol or having a blood alcohol concentration above the statutory maximum. The jury convicted Boehler of the offense charged. On appeal, Boehler claims the proceedings violated the double jeopardy clause of the Constitution, and the district court erred in not providing videotape viewing equipment in the jury room so the jury could review videotape evidence.

We affirm.

I

On August 26, 1994, Boehler was arrested and charged with driving under the influence of an alcoholic beverage or driving with an alcohol concentration of at least 0.10% by weight. The case was tried to a jury in Mercer County on June 21, 1995. The prosecution introduced into evidence a videotape of Boehler recorded at the law enforcement booking facility in Mercer County. The videotape was admitted into evidence over Boehler's objection that it violated his due process rights and was irrelevant. The videotape included Boehler reciting certain medical information about himself. After Boehler's objection, the attorneys agreed the medical information given by Boehler should be excluded from evidence. While the videotape was being played for the jury, the court directed the volume be turned down during that portion of the videotape where Boehler recited his medical information. Boehler asked about the videotape going to the jury and expressed concern about the medical information being heard by others. The court said the videotape would not be going to the jury room.

Boehler later argued the district court should provide videotape equipment in the jury room for the jury to play the videotape. The district court denied the request because:

Merle Ann Torkelson, Assistant State's Attorney, Washburn, for plaintiff and appellee.

"[I]t would allow the jury to operate the volume controls on the VCR and hear evidence, specifically the medication language and conference that the defendant had, which was objected to and which the jury did not hear in the courtroom.

"Also, I believe that allowing video taped evidence to be viewed in the jury room gives undue emphasis to a particular piece of evidence. Video taped evidence of the defendant in this case is different than an exhibit, and there is no way for the Court to be involved in the jury deliberations nor to see what they do with that evidence."

The jury did not ask to review the videotape. The jury convicted Boehler of the crime charged. Boehler appeals from the conviction with three contentions. Boehler claims the proceedings violated the double jeopardy clause of the Constitution, and the district court erred in not providing video equipment in the jury room.

The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. § 27–05–06(1). The appeal from the district court was filed in a timely manner under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. §§ 29–01–12, –28–06.

## II

After Boehler's driver's license was administratively suspended for 365 days, he moved to dismiss the criminal charge on the grounds that continued criminal prosecution violated his right "not to be twice placed in jeopardy for the same offense." Based on our decision in *State v. Zimmerman*, 539 N.W.2d 49 (N.D.1995), we reject this argument.

## III

Boehler argues his conviction should be reversed because the district court did not provide videotape viewing equipment in the jury room. Because the videotape was received into evidence, Boehler contends the district court was required to provide video equipment in the jury room. Boehler contends the district court's decision not to do so was a "clear abuse of discretion." The district court stated it would not allow video equipment into the jury room because the jury may, by turning up the volume, hear evidence excluded at trial, and because the jury may place undue emphasis on that particular piece of evidence.

N.D.C.C. § 29–22–04 provides, "Upon retiring for deliberation, the jurors may take with them: 1. All papers or things other than depositions which have been received as evidence in the cause, . . ." Videotapes and the equipment to view them, unlike depositions, are not specifically excluded from the jury room by the statute. This Court has held a trial court did not err in permitting videotapes received into evidence, and the equipment to view them, to go to the jury room. *State v. Halvorson*, 346 N.W.2d 704, 711–712 (N.D.1984).

Boehler argues, however, the district court must provide equipment for the jury to view the videotape in the jury room, citing this court's decision in *State v. Janda*. In *Janda*, this Court stated, "The simple fact of the matter is that a properly admitted exhibit goes to the jury." *State v. Janda*, 397 N.W.2d 59, 64 (N.D.1986).

Boehler ignores the distinction between evidence the jury is entitled to review and evidence placed in the deliberation room. As *Janda* indicates, the jury is entitled to review all properly admitted evidence. Here Boehler would have had excluded evidence available for review in the jury room. The trial court is given "great latitude and discretion in conducting a trial and, absent an abuse of discretion, its decision on matters relating to the conduct of a trial will not be set aside on appeal." *Great Plains Supply Co. v. Erickson*, 398 N.W.2d 732, 734 (N.D. 1986). In its discretion, the trial court may preclude certain exhibits from the jury room. *State v. Fossen*, 282 N.W.2d 496, 509 (Minn. 1979). *See also* 75B Am.Jur.2d *Trial* § 1665 (1992).

Just before closing arguments, Boehler argued the State should have prepared a videotape, excising the medical information, for use in the jury room with viewing equipment. There is no evidence that an edited tape could have been prepared at this late hour, or that the State was in a better position

than Boehler to do so. If the jury had wished to review the videotape evidence, it could have done so in open court with the defendant present. *See State v. Fellows,* 47 Ohio App.2d 154, 352 N.E.2d 631, 635 (1975), overruled on other grounds in *State v. Walker,* 53 Ohio St.2d 192, 374 N.E.2d 132 (1978). The jury did not request such a review.

 A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *State v. Daulton,* 518 N.W.2d 719, 724 (N.D.1994) (citing *State v. Schuh,* 496 N.W.2d 41, 44 (N.D.1993)). A court acts in such a manner when its "exercise of discretion is not 'the product of a rational mental process by which the facts of record and law relied upon are stated and are considered together for the purpose of achieving a reasoned and reasonable determination,' or, as alternatively stated, when it misinterprets or misapplies the law." *Daulton.*

The district court's exclusion of videotape viewing equipment from the jury room was the product of a rational mental process. The district court did not misinterpret or misapply the law. There was no abuse of discretion.

### IV

The judgment of the district court is affirmed.

VANDE WALLE, C.J., and NEUMANN and MESCHKE, JJ., concur.

LEVINE, Justice, concurring in the result.

Absent either Boehler's on-the-record consent to the jury's hearing the entire videotape, including the medical information, or Boehler's providing a copy of the tape with the medical information deleted, Boehler has no legitimate complaint about the exclusion of the tape. He cannot put the trial judge between a rock (no medical evidence to be placed before the jury) and a hard place (no tape except the one with medical evidence on it), and then cry: "Gotcha"!

I therefore concur in the result.