CITY OF TOLEDO, Appellee,

v.

SAILES, Appellant.

[Cite as *Toledo v. Sailes*, 180 Ohio App.3d 56, 2008-Ohio-6400.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–08–1135.

Decided Dec. 5, 2008.

Yvonne A. Wojtas, for appellant.

Osowik, Judge.

{¶ 1} This is an appeal from a judgment of the Toledo Municipal Court that found appellant guilty of one count of assault. For the following reasons, the judgment of the trial court is reversed.

{¶ 2} Appellant sets forth three assignments of error:

{¶ 3} "I. The Trial Court erred by allowing hearsay testimony and pictures interrupted [sic] by a third party to be admitted as evidence.

{¶ 4} "II. The Trial Court erred by denying appellant his constitutional right to confront his accuser and challenge the witness against him.

{¶ 5} "III. The Trial Court erred by not granting a judgment of acquittal pursuant to Criminal Rule 29."

{¶ 6} At approximately 8:00 a.m. on November 18, 2007, Toledo police were called to appellant's residence by a woman who reported that she had been assaulted. Upon arriving at the house, one officer interviewed appellant while another spoke to his girlfriend, Sharita, who was in an upstairs bedroom. Appellant was arrested and charged with one count of assault and one count of domestic violence. When the matter came to trial on March 13, 2008, the prosecution called both officers as witnesses. Sharita, however, did not appear.

{¶ 7} Officer Ronald Hageman testified that appellant told him that he and Sharita had an argument but that there was no physical confrontation. Officer Joan Boose testified that a couple of minutes after the officers arrived, she went upstairs to talk to Sharita. The officer stated that Sharita was trembling as she spoke and it appeared she had been crying. Officer Boose saw that Sharita had a red mark on the side of her face and swollen lips. Over objection by defense counsel, the officer testified that Sharita said that after she returned home at approximately 4:00 a.m., she and appellant argued. Appellant followed her upstairs, hit her several times in the stomach, face, and chest, and then dragged her downstairs by her hair. Officer Boose further testified that Sharita said she went back upstairs and waited quietly for a while until calling the police. Also over defense counsel's objection, the court allowed photographs that Officer Boose took of Sharita's face to be admitted into evidence.

{¶ 8} The prosecution rested its case, and the defense moved for acquittal. The motion was denied, and appellant then testified. Appellant stated that Sharita was intoxicated when she came home at 4:00 a.m. He testified that Sharita had a red mark and that it looked like she had fallen down several times. The two argued for an hour, and she then went upstairs. He stayed downstairs and was listening to music when the police arrived.

{¶ 9} At the close of evidence, the trial court found appellant guilty of assault and continued the matter for sentencing. On April 21, 2007, appellant was sentenced to 90 days in jail with 60 days suspended.

{¶ 10} Appellant appeals, setting forth three assignments of error. His first and second assignments of error are related and will be addressed together. The two arguments are dispositive of this case.

{¶ 11} In support of his first two assignments of error, appellant asserts that the officers' testimony as to what Sharita told them was inadmissible hearsay because Sharita did not appear at the trial to testify. The focus of appellant's hearsay argument is that Sharita's statements are not admissible as an excited utterance exception to the hearsay rule because at least three hours had passed between the argument the couple had and the arrival of the police officers. Appellant also asserts that by allowing the officers' testimony and the photographs to be admitted, the trial court violated his right to confront his accuser.

{¶ 12} We will first address the issue of a defendant's right to confront his accuser. The Sixth Amendment to the United States Constitution guarantees that an accused has the right to confront and cross-examine witnesses testifying against him. *Pointer v. Texas* (1965), 380 U.S. 400, 406, 85 S.Ct. 1065, 13 L.Ed.2d 923. The same right is guaranteed by the Ohio Constitution, Section 10, Article I.

{¶ 13} The United States Supreme Court has held that the proper analysis for determining whether out-of-court statements violate the Confrontation Clause is not whether they are reliable but whether they are testimonial in nature. *Crawford v. Washington* (2004), 541 U.S. 36, 61, 124 S.Ct. 1354, 158 L.Ed.2d 177. While *Crawford* declined to set forth a comprehensive definition of the term "testimonial," it describes three "formulations" of possible testimonial statements, including those "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial," Id. at 51–52, 124 S.Ct. 1354, 158 L.Ed.2d 177, as well as "at a minimum * * * prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and * * * police interrogations." Id. at 68, 124 S.Ct. 1354, 158 L.Ed.2d 177.

{¶ 14} The United States Supreme Court revisited the issue of testimonial statements two years later in the consolidated cases of *Davis v. Washington* and *Hammon v. Indiana* (2006), 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224. *Davis* involved statements made by a domestic-violence victim to a 9–1–1 operator identifying her assailant and describing his whereabouts immediately after the assault. More relevant to the case before us, *Hammon* involved statements made to police officers responding to a domestic-violence complaint after the police had secured the scene.

{¶ 15} In considering whether the statements in those cases were testimonial, the court distinguished between police interrogations that concern an ongoing emergency and those that relate to past criminal conduct. Id. at 826–830, 126 S.Ct. 2266, 165 L.Ed.2d 224. The court formulated the following test: "Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation

is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Davis,* 547 U.S. at 820, 126 S.Ct. 2266, 165 L.Ed.2d 224.

{¶ 16} Applying that test, the court determined that the circumstances of the 9–1–1 interrogation in *Davis* objectively indicated that its primary purpose was to enable the police to meet an ongoing emergency. The court accordingly found that the victim's statements were nontestimonial. Id. at 829, 126 S.Ct. 2266, 165 L.Ed.2d 224. Applying the test to the circumstances in *Hammon,* the court stated, "Objectively viewed, the primary, if not indeed the sole, purpose of the interrogation was to investigate a possible crime." Id. at 829–830, 126 S.Ct. 2266, 165 L.Ed.2d 224. The court held that the statements in *Hammon* therefore were testimonial. Id.

{¶ 17} After careful consideration of the testimony in the case before us, we find that Sharita's statements were made after the two officers had secured the scene. There is no evidence of an ongoing emergency at the time the officers arrived or while they remained. We find that the primary purpose of the officer's interrogation of Sharita was to clarify Sharita's version of past events that could be relevant to later prosecution.

{¶ 18} Accordingly, we find that Sharita's statements were testimonial in nature and that admission of the statements through the officer's testimony violated appellant's right to confront his accuser. Because the trial court considered improper testimony, we find that appellant's first and second assignments of error are well taken. In light of that decision, appellant's third assignment of error is rendered moot.

{¶ 19} On consideration whereof, the judgment of the Toledo Municipal Court is reversed, and this case is remanded for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.

Judgment reversed
and cause remanded.

PIETRYKOWSKI, P.J., and SINGER, J., concur.