[Cite as *State v. King*, 2016-Ohio-3492.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN )

STATE OF OHIO C.A. No. 15CA010829

     Appellee

     v. APPEAL FROM JUDGMENT
ENTERED IN THE
EAN D. KING COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
     Appellant CASE No. 14CR090576

DECISION AND JOURNAL ENTRY

Dated: June 20, 2016

HENSAL, Judge.

{¶1} Ean King appeals a judgment of the Lorain County Court of Common Pleas that convicted and sentenced him for trafficking in drugs. For the following reasons, this Court affirms.

I.

{¶2} Detective Christopher Constantino testified that he arranged for a confidential informant to conduct a controlled purchase of heroin from Mr. King. Before the transaction, he searched the informant to make sure that she did not have any money or contraband on her. He then provided her with forty dollars for the transaction. He also outfitted her with a hidden button camera that could capture audio and video of the sale.

{¶3} According to Detective Constantino, the informant met Mr. King in a mobile home park in Elyria. Mr. King drove her to a parking lot, where they completed the drug sale. Detective Constantino testified that he was sitting in another vehicle in the same parking lot and

that he identified Mr. King, who he knew from other occasions, as the driver of the vehicle as it passed by him. He could also see the informant sitting in the passenger seat. The detective testified that he was able to listen to the informant's conversation with Mr. King as it was happening, but could not view the video in real time. Following the sale, Mr. King drove the informant to another location and dropped her off. The detective subsequently picked her up and took possession of the heroin she had purchased. Because the detective wanted to keep using the informant for other controlled buys, he did not arrest Mr. King until a later time. Police were not able to recover the money that the informant used to buy the heroin.

{¶4} The Grand Jury indicted Mr. King for trafficking in drugs. Even though the informant did not testify, the trial court allowed the State to play the video that the hidden camera captured at trial. Detective Constantino also testified about his observations during the sale. After a jury found Mr. King guilty of the offense, the trial court sentenced him to community control. Mr. King has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ALLOWING THE IMPROPER AUTHENTICATION OF VIDEO EVIDENCE.

{¶5} Mr. King argues that the trial court incorrectly found that the video of the sale was properly authenticated and, therefore, admissible. Evidence Rule 901(A) provides that "[t]he requirement of authentication * * * as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." "The proponent need not offer conclusive evidence as a foundation but must merely offer sufficient evidence to allow the question as to authenticity or genuineness to reach the jury." *State v. Caldwell*, 9th Dist. Summit No. 14720, 1991 WL 259529, *7 (Dec. 4, 1991). "The

admission of videotape evidence is a matter of discretion for the trial court." *State v. Turner*, 9th Dist. Summit No. 26591, 2013-Ohio-2433, ¶ 23. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, ¶ 34.

{¶6} The Ohio Supreme Court has identified two methods of authenticating photographic evidence such as video recordings. *Midland Steel Prods. Co. v. U.A.W. Local 486*, 61 Ohio St.3d 121, 129-130 (1991). Under the pictorial testimony theory, a video that is illustrative of a witness's testimony is admissible if it is a fair and accurate representation of the events the witness recorded. *Id*. at 129. Under the "silent witness" theory, photographic evidence "may be admitted upon a sufficient showing of the reliability of the process or system that produced the evidence." *Id*. at 130.

{¶7} In *State v. Bell*, 3d Dist. Seneca No. 13-12-39, 2013-Ohio-1299, a detective outfitted a confidential informant with an audio and video recording device then sent him to conduct a controlled buy. During the buy, the detective maintained surveillance on the confidential informant. While he was not able to see into the apartment where the buy occurred or view the video recording in real time, he was able to listen to the audio of the buy as it was happening. The Third District, noting the low threshold of authentication, determined that the detective properly authenticated the recording at trial. *Id*. at ¶ 45; *see also State v. Munion*, 4th Dist. Scioto No. 12CA3520, 2013-Ohio-3776, ¶ 21-22 (holding that detective could authenticate video captured by confidential informant even though he never entered residence where drug sale occurred).

{¶8} The facts of this case are similar to *Bell*. Detective Constantino placed the audio and video recording device on the confidential informant and maintained surveillance of her

during the controlled buy. He saw Mr. King and the confidential informant drive past his vehicle and then park a short distance from him, which was where the controlled buy occurred. He was also able to listen to the audio part of the recording in real time. We, therefore, conclude that, even though the confidential informant did not testify, the detective's testimony was sufficient to allow the question as to the authenticity or genuineness of the video recording to reach the jury. *Caldwell*, 1991 WL 259529 at *7. Mr. King's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION IN ADMITTING, OVER THE OBJECTION OF DEFENSE COUNSEL, HEARSAY TESTIMONY IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

{¶9} Mr. King also argues that the trial court violated his constitutional right to confront witnesses when it allowed the State to hear the statements of the confidential informant that were on the video. According to Mr. King, the State had to establish that the confidential informant was unavailable, which it did not attempt to prove.

{¶10} We review the trial court's admission of evidence over a Confrontation Clause objection de novo. *State v. McNair*, 9th Dist. Lorain No. 13CA010485, 2015-Ohio-2980, ¶ 36, quoting *State v. Myers*, 9th Dist. Summit No. 25737, 2012-Ohio-1820, ¶ 21. The Confrontation Clause guarantees a criminal defendant the right "to be confronted with the witnesses against him[.]" Sixth Amendment to the United States Constitution. The Ohio Constitution also provides criminal defendants with the right to confront witnesses in Article I, Section 10. *Toledo v. Sailes*, 180 Ohio App.3d 56, 2008-Ohio-6400, ¶ 12 (6th Dist.). The import of these protections is that they "require[ ], wherever possible, testimony and cross-examination to occur at trial." *Myers* at ¶ 21, citing *State v. Allen*, 8th Dist. Cuyahoga No. 82556, 2004-Ohio-3111, ¶ 17.

{¶11} The right to confrontation, however, "is not absolute and 'does not necessarily prohibit the admission of hearsay statements against a criminal defendant.'" *State v. Madrigal*, 87 Ohio St.3d 378, 385 (2000), quoting *Idaho v. Wright*, 497 U.S. 805, 813 (1990). For instance, the Confrontation Clause bars only the admission of "testimonial" hearsay. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). In *Davis v. Washington*, 547 U.S. 813 (2006), the United States Supreme Court identified "statements made unwittingly to a Government informant" as the sort of statements that "were clearly nontestimonial." *Id.* at 825, citing *Bourjaily v. United States*, 483 U.S. 171, 181-184 (1987); *see also Ohio v. Clark*, __ U.S. __, 135 S. Ct. 2173, 2182 (2015) ("Statements made to someone who is not principally charged with uncovering and prosecuting criminal behavior are significantly less likely to be testimonial than statements given to law enforcement officers.").

{¶12} Upon review of the record, we conclude that the statements that the informant made during the controlled buy were not testimonial. Accordingly, their admission at trial did not violate Mr. King's confrontation rights. Mr. King's second assignment of error is overruled.

III.

{¶13} Mr. King's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

GIOVANNA V. SCALETTA-BREMKE, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.